### Erastus Ryan .et al. v. Florilla Andrews.

*Descent of ancestral lands: Whole or half blood.* § 2816 of the Compiled Laws is not to be construed to divert the descent of an ancestral inheritance from the nearest of kin; but if there are several next of kin in the same degree, who are not all of the same blood, then, only such of them will take as are of the same blood as the ancestor from whom the estate was derived.

*Heard July 7. Decided July 12.*

Error to Clinton Circuit.

This was a petition filed in the Probate Court for the County of Clinton, under the provisions of act No. 53 of Laws of 1867, by Florilla Andrews, to ascertain, by the determination of that Court, who are the legal heirs of John W. Ryan, and who are entitled to the lands of which the said John W. Ryan died seized, he dying without issue, and being, at the time of his death, unmarried and a minor, under seventeen .years of age. The lands of which he died seized he derived by inheritance from his father, Lovell Ryan. He left surviving him no brother nor sister; no paternal grandparent; no maternal grandfather; and no paternal uncle nor aunt, or the issue thereof of the whole blood. He left surviving him paternal uncles and aunts, and aunts of the half blood, who are the respondents to the petition. He left surviving him, also, a mater-

nal grandmother, Olive Crow, under whom the petitioner, Florilla Andrews, claims by purchase, and maternal uncles and aunts, of whom the petitioner was one.

The Probate Judge determined that the paternal uncles and aunts, being of the half blood of the ancestor, Lovell Ryan, from whom the inheritance descended, were the heirs of John W. Ryan, in respect of the ancestral inheritance, to the exclusion of his grandmother, who was not of the blood of the ancestor.

The cause was carried by appeal from the Probate Court to the Circuit Court for the County of Clinton, where the decree of the Probate Court was reversed, and it now comes before this Court by writ of error.

*E. McCall* and *H. Walbridge*, for plaintiffs in error.

The only question involved in this case is who of the kindred named are the legal heirs, and entitled to take the property in question.—*Comp. L.*, § *2812*.

The subdivisions six and seven apply to the brothers and sisters of the intestate and their issue, and require that they should be of the blood of the ancestor, if the estate is ancestral, in order to inherit his estate; clearly precluding the half brothers and sisters of the intestate, and their issue, unless they are also the issue of the same parent of the intestate from whom the inheritance was derived, reference being made to the above subdivisions of section one, to assist in the proper construction of (2816) section five of the same chapter, which applies to all cases not included in subdivisions six and seven of (2812) section one, and excludes from the inheritance all the kindred of the intestate who are not of the blood of the ancestor, if the inheritance is ancestral.

The phrase, *in which* case, refers to the estate being ancestral. The word *those* refers to kindred as its antece-

dent, and is given a general application by the word *all*, and means all those kindred of the intestate, whether of the half or whole blood, and is limited only by the sentence, who are not of the blood of the ancestor. The language is clear and explicit, and simply means that all those kindred who are not of the blood of the ancestor shall be excluded from the inheritance.

The Legislature evidently intended to declare the rule to be in case of ancestral estates as stated in *4 Kent's Com., pages 460, 463:* "If the estate is ancestral, it passes to the kindred who are of the blood of the ancestor from whom it came." Also, *2 Washburn on Real Property, 402; 2 Hilliard, 203.*

Where lands descend to a person on the part of the father, none of his relatives on the part of the mother can inherit them.—*Greenleaf Com. on Real Property, 2 Vol., pages 158, 157, 156, 155,* which is also declared to be the rule in the following States: Arkansas, *2 Washburn, 413;* California, *ib., 414;* Connecticut, *ib.;* Indiana, *ib., 416;* Maryland, *ib., 418;* Minnesota, *ib., 421;* New York, *ib., 423;* New Jersey, *ib.;* North Carolina, *ib.;* Ohio, *ib., 424;* Pennsylvania, *ib., 425;* Rhode Island, *ib., 426;* Tennessee, *ib., 427;* Wisconsin, *ib., 428.*

To construe section (2816) five to exclude only kindred of the half blood from the inheritance who are not of the blood of the ancestor, if the estate is ancestral, *is not correct,* for the reason, first, that it does not read so; and secondly, the Legislature evidently intended to place kindred of the half blood on an equal footing with those of the whole blood. To exclude those of the half blood for the reason that they are not of the blood of the ancestor, and not exclude the whole blood for the same reason, would be contrary to an intent to make them equal. There is no reason why a whole blood, who is not of the blood of the

ancestor, should inherit an ancestral estate in preference to a half blood who is in the same condition. Such a construction would make a difference where there is no legal distinction.

The law of New Hampshire makes no distinction between ancestral and acquired estates, for the purpose of descent; and the rule of that State, that a maternal grandmother is preferred to a paternal uncle or aunt, is based on her statute, and not a common-law rule.

The estate of John W. Ryan, deceased, came to him by descent from his father, Lovell Ryan, and cannot pass to the maternal grandmother, nor to any of the maternal kindred. The statute excludes them from the inheritance. The estate will pass to paternal uncles and aunts, they being the nearest of kin to the intestate of the blood of the ancestor.

*Gould & Lyon*, for defendant in error.

I. The real estate of John W. Ryan descended to his next of kin, in equal degree.—*Comp. L.*, § *2812, Subdivision 5*. The provisos in subdivisions 6 and 7 of the same section have no application under the facts.

II. The degrees of kindred are to be computed according to the rules of the civil law.—§ *2816*. The mode of computation of the degrees of kindred under the rules of the civil law are: 1st, father or mother. 2d, grandfather or grandmother. 3d, uncles and aunts.—*20 N. H., 479 ; 1 Williams on Executors, pp. 344-5 ; 2 Williams, p. 1296 ; 2 Washburn on Real Property, 406, 411 ; 6 Wisconsin, 278*.

Therefore the grandmother is one degree nearer than the uncles and aunts of either the whole or half blood, and the claimant who represents the grandmother is the

nearest of kin of equal degree, and is therefore the heir of the deceased, and entitled to the land in controversy.

But it is claimed that the latter clause of section 2816 controls the descent of the property in question, and that the grandmother (Olive Crow) not being of the blood of the ancestor through whom the intestate derived the land, therefore she cannot take, but the same will pass her and descend to the uncles and aunts who are of the half blood, because the property descended from the paternal line.

It is not denied by us that the land in controversy descended from Lovell Ryan to John W. Ryan, but we claim that the whole of the clause referred to, relates to and only controls the descent of property to half bloods.

The position must be taken that the section is divided into distinct and independent propositions: first, the mode of computing degrees of kindred; second, the rights of kindred of the half blood; and third, a proviso that kindred of the whole and half blood, who are not of blood of the ancestor from whom the land descended, shall not inherit.

This construction cannot be maintained, because the word "unless" connects the declaration of the rights of kindred of the half blood, and turns the whole of the section that follows into a proviso or condition upon which such kindred shall inherit, in which case unless they are of the blood of the ancestor from whom the property descended they shall not inherit.

And also because it would have the effect to tack on to subdivision five of section 2812, an additional proviso.

The authority referred to in the margin of the statute (*1 Paige, 562*) shows that the reviser and compilers of the law agreed with our view of the section.

This section is a copy of the New York statute referred to in that case, and the Court there construed the statute as we do.

21 MICH.—D2.

CAMPBELL, CH. J.

This case presents the single question whether property which descended to a decedent from his father passes to his maternal grandmother, who was not related to his father, or to more distant relatives who were so related, in exclusion of her claims as next of kin.

The whole matter depends upon the meaning to be given to section 2816 of the Compiled Laws, which is as follows:

"The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance come to the intestate by descent, devise, or gift of some one of his ancestors, in which case, all those who are not of the blood of such ancestor, shall be excluded from such inheritance."

It is claimed for the uncles and aunts in the paternal line that the maternal grandmother, who is one degree nearer the intestate, computing by the civil-law rules, comes under the exclusion provided by the latter part of this section, because under that no one can inherit except relatives of the blood of the father. This is on the hypothesis that the first as well as the second clause of the section is qualified by the last, so that leaving out the second clause it would provide that the degrees of kindred should be computed according to the rules of the civil law, unless the property came to the deceased from an ancestor, in which case all who are not of the blood of that ancestor shall be excluded from such inheritance.

It would be difficult to make sense of such a regulation; for there is nothing in the fact of an estate being ancestral which should require the degrees of kindred to be determined by one system any more than by another. It is not nearness of kin, but kinship with the ancestor from

whom the estate came, that the law seeks to discriminate, and if there had been a paternal grandmother as well as paternal uncles, there is no very obvious reason for allowing one to be held next of kin for ancestral property and the other for property not ancestral. Moreover, if this construction should prevail, it would follow that in the absence of paternal kindred the estate would escheat in preference to passing to near kindred on the maternal side, which is also a result not to be needlessly attributed to the legislative intent.

The obvious and natural connection of the various provisions would confine the operation of the rule of exclusion to those cases where there is more than one person in the same degree of kinship, and where they are not all relatives of the blood of the ancestor from whom the estate is derived. This construction gives the property in all cases to the nearest kindred, but excludes such as are not of a particular stock. It avoids the incongruity of passing over near kindred for those who are remote, and satisfies all the words of the section, while it prevents very serious mischiefs.

We think, therefore, that under the statute the estate can under this section never go to any one else but the nearest of kin, according to the degrees of the civil law. If there is but a single next relative, he or she will take the whole estate without reference to whether the kindred is on the side of the one parent or the other. If there are several next of kin, and they are not all related on the same side, then only such of them will take as are of the blood of the ancestor from whom the estate was derived. In the present case, as there is no one else of the same degree of kindred with the maternal grandmother, and she is nearest of kin, the estate devolved solely upon her, and the remoter kindred are excluded.

The Circuit Court having come to the same conclusion, the judgment below must be affirmed with costs.

The other Justices concurred.