## LYON *v.* CREGO

1. DESCENT AND DISTRIBUTION—NEXT OF KIN—KINDRED OF HALF BLOOD—STATUTES.

In a contest between paternal cousins on the one side, and a maternal half-uncle and cousins on the other, for the estate of an intestate, who left no issue, widow, father, mother, brother, sister, nor child of brother or sister, his estate, consisting of real property inherited from his father, descended to his half uncle, who was his next of kin, according to the provisions of Act No. 286, Pub. Acts 1909; he being one degree nearer to intestate than are the paternal and maternal cousins, and not being excluded by the exception in section 9068, 3 Comp. Laws, by reason of being a half blood, because there are no other persons of the same class as he who are of the full blood.

2. SAME—RULES OF CIVIL LAW.

And the contention of appellants that the half-uncle is excluded, because only brothers and sisters of the half blood are included by the statute, cannot be sustained, as section 9068, 3 Comp. Laws, provides that the degrees shall be computed according to the rules of the civil law, which recognize the ascending as well as the descending line.

187 Mich.—40.

Error to Cass; Des Voignes, J.   Submitted October 8, 1914.   (Docket No. 29.)   Decided September 28, 1915.

Ejectment by Clara Abigail Lyon and others against Henry A. Crego and another.   Judgment for defendants.   Plaintiffs bring error.   Affirmed.

*John R. Carr*, for appellants.

*Chester E. Cone*, for appellees.

BIRD, J.   Theodore Stetler inherited a farm of 200 acres, situate in the township of Newberg, Cass county, from his father, who died in the year 1880.   In May, 1913, Theodore died intestate.   On his father's side the nearest surviving kindred are 23 first cousins, who claim the estate by the laws of descent, and they are the plaintiffs herein.   On his mother's side the nearest kindred are 3 maternal first cousins and a half-uncle, Henry A. Crego.   The uncle has possession of and claims the estate, and he, together with the tenant on the farm, are the defendants.   The case is ejectment, and the sole question involved is:   Upon which of these parties do our laws cast the estate?

The sections of the statute which affect the question are:

"If the intestate shall leave no issue, husband, widow, father, mother, brother, sister, nor child of brother or sister, his estate shall descend to his next of kin in equal degree, excepting that when there are two or more collateral kindred in equal degree but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote."   Act No. 286, § 1, subd. 3, Pub. Acts 1909.

"The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance comes

to the intestate by descent, devise, or gift of some one of his ancestors, in which case, all those who are not of the blood of such ancestor shall be excluded from such inheritance." 3 Comp. Laws, § 9068.

Neither the paternal first cousins on the one side, nor the half-uncle and maternal cousins on the other side, come within the preferred class particularly designated by the statute. If they, or any of them, take the estate, it must be by reason of their falling within the class designated by the statute as "next of kin." It is obvious that the half-uncle is nearest of kin to the intestate, because he is one degree nearer to him than are the paternal and maternal cousins. Thus far there seems to be little difficulty; but at this point it is argued that the half-uncle is excluded by the exception contained in section 9068 by reason of being a half blood. This provision as heretofore quoted provides that:

"Unless the inheritance comes to the intestate by descent, devise, or gift of some one of his ancestors, in which case, all those who are not of the blood of such ancestor shall be excluded from such inheritance."

The foregoing exception has been construed by this court in *Ryan* v. *Andrews*, 21 Mich. 229, and in *Rowley* v. *Stray*, 32 Mich. 70. It was held in these cases that the exclusion was to be effective only in the event that there were more than one in the same class, one or more of whom were not of the full blood. For example, in the present case, if the half-uncle were dead, and the contest was between the paternal and maternal cousins, all being in the same class, the maternal cousins or those of the half blood would be excluded. In *Ryan* v. *Andrews, supra,* the contest was between the paternal uncles and aunts on one side and the maternal grandmother on the other, and it was held that the maternal grandmother was entitled to

the estate.   Mr. Justice CAMPBELL, in so holding, said in part:

"We think, therefore, that under the statute the estate can under this section never go to any one else but the nearest of kin, according to the degrees of the civil law.   If there is but a single next relative, he or she will take the whole estate, without reference to whether the kindred is on the side of the one parent or the other.   If there are several next of kin, and they are not all related on the same side, then only such of them will take as are of the blood of the ancestor from whom the estate was derived.   In the present case, as there is no one else of the same degree of kindred with the maternal grandmother, and she is nearest of kin, the estate devolved solely upon her, and the remoter kindred are excluded."

The same section was again before the court in *Rowley* v. *Stray, supra.*   The paternal grandmother of the intestate was contesting with the half brothers and sisters of the intestate.   It was adjudged that the half brothers and sisters should succeed to the estate, and Mr. Justice CAMPBELL said, in the closing paragraph of the opinion, that:

"Nothing seems plainer to us than that, under this statute, the half blood are only excluded when there are others in the same statutory class who are to be preferred by reason of being of the blood of the ancestor from whom the estate came to the intestate. This was the view taken by us when *Ryan* v. *Andrews*, 21 Mich. 229, was before us, and further reflection has confirmed us in it."

In the instant case, the maternal half-uncle is the next of kin, and as there are no other persons in his class the exception as to the half blood does not exclude him from taking the estate.

Counsel for appellant has this further to say on the question of the half blood:.

"We contend that by subsection 5, above quoted, the half bloods mentioned in this section mean the half-

brothers and half-sisters of the brothers and sisters of the intestate; and hence we are bound to contend that no other half bloods are or can be interested in this estate as half bloods—only the half-brothers and half-sisters of the brothers and sisters of the intestate, Theodore Stetler. The defendant Henry A. Crego, belongs to another class of half bloods, or line of half bloods, in the ascending line."

If the "next of kin" mentioned in the statute were to be computed according to the canons adopted by the common law, this contention would be sound, because by the common law the half bloods were never permitted to inherit, and because in computing the next of kin the descending line was recognized, but the ascending line was not. It was different with the civil law, and our statute commands that the degrees shall be "computed according to the rules of the civil law." By the rules of the civil law the half-uncle is the next of kin, and therefore under the statute he will take the estate.

This is in keeping with the holding of the trial court, and its judgment will be affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.