*In re* WORTMANN'S ESTATE.

WORTMANN *v.* GRUEBNER.

DESCENT AND DISTRIBUTION—NEXT OF KIN—PREFERRED CLASS—
STATUTES.

In a contest between the paternal grandmother and the maternal grandmother for the estate of an intestate who

left no issue, widow, father, mother, brother, sister, nor child of brother or sister, his estate consisting of real property inherited from his father, descended to his paternal grandmother, because, although they are kin of the same degree, under 3 Comp. Laws 1915, § 11799, the maternal grandmother, not being of the blood of the ancestor from whom the estate descended, was excluded.

Error to Wayne; Mandell (Henry A.), J. Submitted April 8, 1920. (Docket No. 18.) Decided June 7, 1920.

Bernard J. Wortmann presented his final account as administrator of the estate of Joseph H. Wortmann, deceased, and asked for an order of distribution. The account was allowed and order of distribution made in the probate court, and Elizabeth Wortmann appealed to the circuit court. Judgment affirming the probate order. Plaintiff brings error. Reversed.

*James Swan,* for appellant.

*Clement C. Yerkes,* for appellee.

CLARK, J. Joseph H. Wortmann, aged 12 years, died seized of property described: A 1/5 interest in lot No. 7, subdivision of outlot 29, the St. Aubin farm, and a 1/5 interest in lot No. 1, subdivision of lots 1, 2, 3, and 4 of the subdivision of outlot 30 of St. Aubin farm, which had come to him by inheritance from his father. None of the preferred class, designated by subdivisions 1 and 2, 3 Comp. Laws 1915, § 11795, survived. The surviving next of kin were the plaintiff, paternal grandmother, and the defendant, maternal grandmother. The probate court of Wayne county determined that the property should descend in equal shares to the two grandmothers. The plaintiff appealed to the circuit court. The circuit court sustained the order and dismissed the appeal. The sections of the statute which affect the question are:

"If the intestate shall have no issue, husband, widow, father, mother, brother, sister, nor child of brother or sister, his estate shall descend to his next of kin in equal degree, excepting that when there are two or more collateral kindred in equal degree but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote." 3 Comp. Laws 1915, § 11795, subd. 3.

"The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance come to the intestate by descent, devise or gift of some one of his ancestors, in which case, all those who are not of the blood of such ancestor shall be excluded from such inheritance." 3 Comp. Laws 1915, § 11799.

The grandmothers are of the same degree of kindred. The statutory exclusion is effective only in the event that there are more than one of the same class or degree of kindred, at least one of whom is not of the blood of the ancestor from whom the estate had come by inheritance. In *Lyon* v. *Crego*, 187 Mich. 625, where this question was fully considered by Justice BIRD, it was said that as between paternal cousins and maternal cousins, all being of the same class or degree of kindred, the maternal cousins, not being of the blood of the ancestor from whom the estate had come by inheritance, would be excluded. See, also, *Ryan* v. *Andrews*, 21 Mich. 229, and *Rowley* v. *Stray*, 32 Mich. 70. The maternal grandmother is excluded. The estate devolved solely upon plaintiff, the paternal grandmother.

The judgment is reversed and a new trial granted.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.