Johnson *v.* Phillips.

Opinion delivered January 13, 1908.

Descent—relations of half blood.—Kirby's Digest, § 2647, providing that "relations of the half blood shall inherit equally with those of the whole blood, and the descendants of such relatives shall inherit in the same manner as descendants of the whole blood, unless the inheritance come to the intestate by descent, devise or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance," contemplates that where the owner of inherited land dies without bodily heirs, the property shall ascend to his nearest heirs of the blood of the person from whom the land descended, excluding heirs of the half blood who were not of the blood of the ancestor.

Appeal from Craighead Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*F. G. Taylor,* for appellants.

1. Where land is purchased and paid for by property of the wife, and the deed taken in the name of the husband, the latter holds as trustee for the wife. 47 Ark. 111. The evidence is conclusive that Mrs. Edwards claimed to own the land and remained in possession under such claim from the time she and her husband, Phillips, took possession in 1880. If the conveyance from McCarty was void, and had ripened into title, it was her title, and not the title of Phillips's heirs. 74 Ark. 81.

2. Under the statute of descents and distributions, as to inheritances by relations of the half blood, Kirby's Dig. § 2647, which is the same as the New York statutes, the "ancestor" referred to therein is immediate ancestor from whom the intestate received the inheritance. 52 N. Y. 67; 34 Ark. 564; 3 Ohio; St. 395; 8 Ohio St. 501; 17 Ohio St. 368; 19 Ohio St. 531; 12 Am. St. Rep. 80, note; 61 Am. Dec. 660, note; 29 L. R. A. 541, note; 2 Pet. (U. S.) 58.

*Mathes & Westbrooke* and *Lamb & Caraway,* for appellee.

1. The chancellor's finding that Phillips bought and paid for the land is fully sustained by the evidence.

2. This is an ancestral estate, and appellants are not of the blood of the ancestor from whom the estate descended. The title passed to appellee. 15 Ark. 555; 34 Ark. 564.

HILL, C. J. J. A. Phillips died intestate in 1884 in possession of the land in controversy. He left surviving him his widow, Malinda J., and three children. His widow married Houston, and of that marriage were born two children. Houston died, and she married Edwards, and died while this suit was pending.

Two of the Phillips children died in infancy; Elizabeth Phillips alone surviving. She married Nelson, and one child, Elizabeth, was born of that union. Both she and her husband died, leaving this child their heir, and subsequently the child died.

This is a suit brought by the brother and sister and heirs of another sister of Phillips against Mrs. Edwards and the Houston children to establish and quiet their title, and principally involves the inheritance of said land. Mrs. Edwards bought an alleged outstanding title to a part of the land, and also claimed that she had paid a part of the purchase money after J. A. Phillips's death. The evidence, however, does not sustain either of these contentions, and the chancellor was right in holding that J. A. Phillips paid for the land, and owned the land at the time of his death. This leaves but the question of inheritance for determination. Appellants contend that the Houston children were the nearest of kin to Elizabeth Nelson, the child, and that they inherited from said child when she died. They rely upon section 2647 of Kirby's Digest, to the effect that relations of the half blood shall inherit equally with those of whole blood in the same degree. They seek to avoid the limitation of said statute which forbids the inheritance going to a line not of the blood of the devisor or ancestor by contending that the ancestor in contemplation of this provision was Elizabeth Nelson, *nee* Phillips, the mother of the child; she was the half sister of the Houston children. In other words, the argument here is that the law will not look beyond the immediate ancestor to determine the inheritable blood. Some authority is cited to support this, and,

without deciding whether or not it is applicable, it is sufficient to say that this court is concluded by the rule announced in *Kelly's Heirs* v. *McGuire,* 15 Ark. 555, wherein it was said:

"It is clear that the meaning and intention of this section was to prohibit the half blood, and their descendants alike, from sharing in the inheritance of an estate which might come to the intestate **by** descent, devise or gift from an ancestor, *in all cases where they were not of the blood of such ancestor.* The reason for excluding the half-blood is just as strong as for excluding their descendants, and it is impossible to conceive any well-founded distinction between the two. And, whatever opinion we might entertain as to the hardships of such a rule in any given case, or as to the impolicy of establishing lines of blood at all, in a new country, where almost every man is the architect of his own fortune and the stock of descent, yet the Legislature has spoken its will; the language is too plain to be doubted, and addresses a prohibition to the courts not to be disregarded or evaded."

In *Oliver* v. *Vance,* 34 Ark. 564, the court said:

"As to the real estate, it came from a relative in blood of Van R.'s father, and must be considered as ancestral. The court, in holding this in Kelly's case, did not mean that in such cases the donor or devisor became himself the *propositus* from which the descent was to be traced. The person last entitled to possession, or last invested with the vested remainder, remains the *propositus,* whose nearest heirs are to be traced. They must, however, be of the blood of the person from whom the benefit came, that is to say, the line of descent must be traced on that line, leaving off the side which bore no relation to the donor."

The application of these principles makes clear the proper decision here. This property was inherited by Mrs. Nelson, one-third from her father, the other two-thirds from her infant brother and sister. It was in turn inherited by her child from her, and when her child died, then the inheritance ascended to the nearest of kin in the line from whence the property was derived, and the nearest of kin of the blood of Phillips were the plaintiffs in the court below, appellees here. To hold otherwise would be to cast the inheritance of property to the half sisters of Mrs. Nelson which she inherited from the side of her family not

related to them. This would be putting the inheritance in a line of alien blood, and that is not what is contemplated by this statute.

Judgment is affirmed.