## Richmond.

### BONEWELL V. SMITH.

### March 15, 1917.

1. DESCENT AND DISTRIBUTION—*Infants.*—Section 2556, of the Code of 1904, provides that if an infant die without issue, having title to real estate derived from one of his parents, the whole of it shall descend and pass to his kindred on the side of that parent, if any be living at the death of the infant, and if there be no such kindred living, then it shall descend and pass to his kindred on the side of the other parent. Under this statute, on failure of issue of an infant last seized, the inheritance descends to the infant's kindred on the side of that parent from whom the real estate was derived, when, as in the case at bar, there are such kindred living at the death of the infant. That is to say, in the quest for the ancestor of the infant who shall constitute the root, or stem, or *propositus*, from whom the inheritance shall descend, we can ascend only to the parent of the infant from whom the real estate was derived, whether such parent may chance to be the first purchaser of the estate or not. The statute does not permit the ascension beyond the parent to the grandparent, or to any other ancestor of the infant, in order to reach the first purchaser as the *propositus* from whom the inheritance shall descend.

2. DESCENT AND DISTRIBUTION—*Kindred.*—The word "kindred," used in the above statute, has the meaning of next of kin.

Appeal from a decree of the Circuit Court of Warwick county. Decree for defendant. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Nelms, Colonna & McMurran,* for the appellants.

*F. S. Collier,* for the appellees.

SIMS, J., delivered the opinion of the court.

This is a suit for partition of a tract of land to which Virgie Bonewell had title at the time of her death, derived by descent from her father, William T. Bonewell. The latter derived title to this land by descent from his father, William Bonewell (being the only son of the latter), who derived title to it by purchase. Virgie Bonewell was the only child of William T. Bonewell, and died an infant without issue, leaving appellees, defendants in the court below, as her next of kin on the side of her father living at the time of her death. Appellants, plaintiffs in the court below, are the descendants of the whole blood of William Bonewell, and they claim that they are the kindred of the whole blood of Virgie Bonewell on the side of her father, and as such are entitled under the provisions of section 2556 of the Code of Virginia to all of said estate except a small interest to which the defendants would be entitled by reason of intermarriage.

There was a demurrer to the bill and an agreed statement of facts, which are in effect as stated above. The court below, by its decree, sustained the demurrer and dismissed the bill of the plaintiffs. This decree is complained of by the appellants, and the following grounds of error are assigned in their petition for appeal:

"First, because it does not recognize William Bonewell as the first purchaser;

"Second, because it recognizes the defendants as being the *kindred,* and the *only kindred* of Virgie Bonewell, when in fact they are not the kindred (of the blood) that is of common ancestor of Virgie Bonewell;

"Third, because the court has construed the word 'kindred' to mean 'next of kin';

"Fourth, because the court construed the descent from Virgie Bonewell to be to the defendants, when it should have decreed to the plaintiffs."

It seems that in no case which has been heretofore decided by this court were the descendants of the *first purchaser* claimants as such of the real estate of an infant decedent; so that the precise questions involved in the instant case are now presented for the first time to this court for decision.

The statute, section 2556 of the Code of Virginia, is as follows:

"If an infant die without issue, having title to real estate derived by gift, devise, or descent from one of his parents, the whole of it shall descend and pass to his kindred on the side of that parent from whom it was so derived, if any such kindred be living at the death of the infant. If there be none such, then it shall descend and pass to his kindred on the side of the other parent."

The history of this statute before and including its form as contained in the Code of 1829, and the decisions thereon, are given in 1 Tucker's Commentaries (ed. 1836), pp. 196-7-8. The form of this statute in the Code of 1819 remained unchanged until the Code of 1849, Chap. 123, sec. 9, when it was enacted in the precise form in which it now appears in said section 2556 of the present Code.

The Report of the Revisors of the Code of 1849 (Vol. 2, pp. 636-7) recognizes that this statute is a relic of "the prejudice of the common law in favor of the feudal preference of *the blood of* the first purchaser." The following authorities recognize the same position, namely: *Medley* v. *Medley,* 81 Va. 272; 2 Minor's Inst. (3d ed.), p. 536; Graves' Notes on Real Prop., p. 94; *Davis* v. *Rowe,* 6 Rand. (27 Va.) 393. Such common law rule is set forth in 2 Minor's Inst. (3d ed.) 520-2, 526-9; 2 Minor on Real Prop., secs. 982, 986, 987; Tucker's Com. (1836 ed.) 186-193.

However counsel for appellants do not even contend that such statute re-establishes the common law rule on this subject in its entirety. Hence, we do not feel that any light would be thrown on the case before us by setting forth here

55

the common law canons of descent as they originally existed, or as they were modified by the invention of the feud of *indefinite antiquity*, or by English statute law; and especially do we feel that no help would be thus derived in the solution of the question of how far the Virginia statute under consideration re-establishes the common law rule, because that must be determined by the statute itself.

It seems to us plain from the language of the statute that on failure of issue of an infant last seized, the inheritance descends to the infant's kindred on the side of that parent from whom the real estate was dreived when, as in the case at bar, there are such kindred living at the death of the infant. That is to say, in such cases, by reason of the express provision of the statute in the quest for the ancestor of the infant who shall constitute the root, or stem, or *propositus*, from whom the inheritance shall descend, we can ascend only to the parent of the infant from whom the real estate was derived. Such parent, it is true, may chance to be the first purchaser of the estate, or he may not be such purchaser. In the latter case, however, he would be of the blood of the first purchaser. To that extent the statute in question recognizes "the feudal preference of the blood of the first purchaser," but no further. The statute does not permit us to ascend beyond the parent to the grandparent, or to any other ancestor of the infant, in order to reach the first purchaser as the *propositus* from whom the inheritance shall descend. The parent only, and in no case any more remote ancestor, is made by the statute such *propositus*. Therefore, whether the parent be, or be not, the first purchaser, is not made a test by the statute for the ascertainment of the person who shall constitute the *propositus*, from whom the inheritance shall descend. He is by the statute designated to be such person, without further qualification, than that he must be *the parent* of the infant from whom the title to the real estate "was derived by gift, devise or descent." This, we think, is the proper construction of this statute.

It follows that there is no merit in the first assignment of error.

From the conclusion that the parent, William T. Bonewell, is the root, or stem, or *propositus,* from whom the inheritance in question descended, and not William Bonewell, the grandparent, it also follows that the remaining assignments of error are not well taken, giving to them the meaning they are intended to have. It is not contended by counsel for appellants, as we understand it, that if William T. Bonewell, the parent, is the *propositus* mentioned, the next of kin of the infant, Virgie Bonewell, on the side of that parent are not the persons designated by the statute as the heirs of the infant. If the contention had been otherwise, there can be no doubt that such is the proper construction of this statute.

As stated by Mr. Minor (2 Min. Inst. [3d. ed.], pp. 538-9), it was held by this court in the early case of *Davis* v. *Rowe,* 6 Rand. (27 Va.) 393, that our statute of descents as first enacted, "was founded on the affections of the heart, and follows the current of its natural flow, preferring as heirs the classes nearest in blood." The same consideration, in our opinion, applies to that portion of the statute of descents embodied in section 2556. The word "kindred" therefore, used in such statute, has the meaning of "next of kin."

The case of *Johnson* v. *Phillips,* 85 Ark. 86, 107 S. W. 170, is cited and strongly relied on in behalf of appellants. The latter case was controlled by the Arkansas statute, which is materially different from our Virginia statute. The Arkansas statute applies to adults as well as infants, and forbids the inheritance going to kindred not of the blood of the devisor or ancestor. It had been construed in the prior case of *Kelly's Heirs* v. *McGuire,* 15 Ark. 555, to have the meaning and intention to prohibit the half blood, and their descendants alike, from sharing in the inheritance of an estate which might come to the intestate by descent, de-

vise or gift from *any ancestor*. In the case of *Johnson* v. *Phillips, supra,* J. A. Phillips died seized and possessed of the land in controversy, leaving surviving him his widow, a brother and a sister, the heirs of another sister, and three children. His widow married one Houston and of that marriage there were two children. Houston died and the widow married one Edwards and died while the suit was pending. Two of the Phillips children died in infancy: Elizabeth Phillips alone survived. She married one Nelson, and one child, Elizabeth Nelson, was born of that union. Both the mother and father of the latter died leaving such child surviving, and subsequently the child died without issue. The suit was brought by the brother and sister and the heirs of the other sister of Phillips against Mrs. Edwards and the Houston children to establish and quiet their title. It was held that the case was ruled by said prior Arkansas case of *Kelly's Heirs* v. *McGuire,* and in effect that the inheritance could not descend to the next of kin of the infant, Elizabeth Nelson, because they were of the half blood of Mrs. Nelson, which was forbidden by the statute to inherit. But for such statute such next of kin would have inherited. There is, therefore, no conflict in such decision with our construction of the Virginia statute.

The same is true of the New Jersey statute on the subject, which is similar to the Arkansas statute, and the construction of that statute referred to in the case of *Cox* v. *Clark,* 93 Ala. 400, 9 So. 458, cited and relied on by counsel for appellants.

In view of what is said above, we do not feel that any detailed reference is necessary to other authorities cited by counsel for appellants bearing upon the construction of the word "kindred" when found in contexts other than the Virginia statute in question.

For the reasons stated, we find no error in the decree complained of, and it will be affirmed.

*Affirmed.*