CARTER *v.* CARTER.

Original opinion reported in this volume, *ante,* page 7. Additional opinion delivered July 2, 1917.

DESCENT AND DISTRIBUTION—ANCESTRAL ESTATES.—If an estate is ancestral, and comes to the intestate by gift, devise or descent on the part of the father or mother, it passes to the heirs of the intestate who are of the blood of the ancestor from whom it came. (*Johnson v. Phillips,* 85 Ark. 86, partly overruled).

HART, J., (additional opinion). Since writing the opinion in this case our attention has been called to *Johnson* v. *Phillips,* 85 Ark. 86, a case which was overlooked by counsel in the preparation of their briefs and by the court in considering and determining the case. It is now insisted that this case is in conflict with the opinion of the court, in the present case, and that our opinion should be modified so as to conform to the principles announced in it. The decision in *Kelly* v. *McGuire,* 15 Ark. 555, was rendered at the January term, 1855, of this court. Since that time it has been uniformly said in the judicial utterances of this court that the opinion in that case has been generally approved by the legal profession of this State, and that it has been the intention of this court to follow it. In the opinion in the case of *Johnson* v. *Phillips, supra,* it is expressly stated that the opinion is based upon the principles announced in *Kelly* v. *McGuire.* So it becomes first necessary to determine whether those two opinions are in conflict.

In *Kelly* v. *McGuire,* Charles Kelly emigrated to Arkansas and married a widow who had two daughters by a former marriage, named Elizabeth and Emeline. Charles Kelly died intestate, leaving surviving him Clint Kelly, his sole heir at law. Clint died intestate without issue. As pointed out in our former opinion, the court held that the lands having come to Clint Kelly by descent from his father, were an ancestral estate, Clint Kelly was regarded as the stock of descent and only his heirs could inherit. But the court held that they must be of the blood of his father from whom the estate came to him. The

court also held that the half-blood and their descendants, take personalty as well as realty, equally with the whole blood, except they are excluded from real estate when ancestral, if they lack the blood of the transmitting ancestor. It will be remembered that Elizabeth and Emeline Craig were the step-sisters of Charles Kelly. The court held that Charles Kelly was the transmitting ancestor, but that his step-sisters, not being of his blood, could not inherit from Clint Kelly.

In *Johnson* v. *Phillips*, J. A. Phillips died intestate, leaving surviving him his widow and three children. Two of his children died in infancy, leaving Elizabeth Phillips alone surviving. The widow of Phillips married Houston and two children were born of that marriage. Elizabeth Phillips was a half-sister of the Houston children. She married Nelson and one child, Elizabeth Nelson, was born unto them. Elizabeth Nelson, born Phillips, died intestate, leaving her infant daughter Elizabeth as her sole heir at law. Elizabeth Nelson, the daughter, died intestate without issue. The half-sisters of Elizabeth Nelson, the mother of the child, Elizabeth Nelson, claimed to inherit the lands when the child died. The court improperly held that they could not inherit, and based its decision on the case of *Kelly* v. *McGuire*. It will be noted that in each case the child which died intestate was properly regarded as the stock of descent, and the court said that the child's heirs who were of the blood of the ancestor from whom the estate came to the child should inherit. In the case of *Kelly* v. *McGuire*, as above stated, the estate came to the child from the father, but the claimants who were the aunts of the child of the half-blood could not inherit because they were only the step-sisters of the father from whom the estate came and were not of his blood. In the case of *Johnson* v. *Phillips*, the Houston children were not only aunts of the half-blood of the intestate, Elizabeth Nelson, but they were of the half-blood of the mother Elizabeth Nelson, from whom the lands came by descent to the child, Elizabeth Nelson:

Hence they were of the blood of the transmitting ancestor, and the court should have so held.

In the case of *West* v. *Williams,* 15 Ark. 682, the court said:

"According to the interpretation of the statute in the case of *Kelly et al.* v. *McGuire and Wife et al.,* 555 *ante,* where the whole subject was fully discussed and elaborately considered, it was held that ancestral estates embrace not only descended estates, but also all others, which may have come to the intestate by gift, or devise, from either parent, or from any relative of the blood of either parent, and that, as to all such, it is the manifest intention of the Legislature, upon the death of the intestate, without issue, to preserve them in the line of the blood from whence they come, to the same extent that descended estates were so preserved at common law." In connection with the further discussion of the question the court cited 4 Kent, star page 404. The reference to Kent is as follows:

"If the inheritance was ancestral, and came to the intestate by gift, devise or descent, it passes to the kindred who are of the blood of the ancestor from whom it came, whether it be in the paternal or maternal line, so as to exclude the relation in the adverse line until the other line be exhausted." After this reference to Kent's Commentaries, the court said:

"And this is in exact harmony with the provisions of the statute in excluding the half-blood and their descendants from inheritances only when these are ancestral, and they not of the blood of the transmitting ancestor."

As we have already pointed out the half-blood who claimed to inherit in *Johnson* v. *Phillips* were of the blood of the transmitting ancestor, and in so far as that case is in conflict with the principles herein announced, the case of *Johnson* v. *Phillips* is overruled. Recurring to the quotation made from Kent and applying it to the facts of the present case, it is apparent that lands having come to the infant Murphy from its mother by descent, the estate was ancestral and the infant became the stock of descent

when it died intestate without issue. The estate passed to its heirs who were of the blood of the ancestor from whom it came. The estate came from the mother and it passed to the heirs of the infant who were of the blood of the mother. The court so held in its former opinion, and rightly so. It will be readily seen that we followed the rule laid down in *Kelly* v. *McGuire*. In *West* v. *Williams*, which we have already pointed out was decided at the same term of the court, the facts were that Eugene Williams died intestate without issue. The property came to him by devise from Mrs. Taylor, who was his grandmother. The court said:

"None of the heirs of Eugene could inherit the lands from him, who would not also have been heirs of Mrs. Taylor, his grandmother; and these, in this case, are those who were the complainants below, to whom the circuit court of Pulaski County correctly decreed them."

In short, according to the rule in *Kelly* v. *McGuire* and *West* v. *Williams,* if the estate is ancestral, and comes to the intestate by gift, devise or descent on the part of the father or mother, it passes to the heirs of the intestate, who are of the blood of the ancestor from whom it came.

It follows that our original opinion was correct, and it will be adhered to.