**Laura Tucker FLETCHER, Plaintiff,**

v.

**The WASHINGTON AND LEE UNIVERSITY, Defendant.**

Civ. A. No. 81–0192–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

June 7, 1982.

E. Griffith Dodson, Jr., Roanoke, Va., for plaintiff.

Eric Lee Sisler, Lexington, Va., S.D. Roberts Moore, Melissa J. Warner, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff, Laura Tucker Fletcher, brings this action evidencing her election to exercise what appears to be a possibility of reverter of her long-time family home, known as "Col Alto", as contained in an agreement and deed whereby plaintiff's sister, Rosa Tucker Mason, donated the home to the defendant, Washington and Lee University, under certain conditions. The action is now before the court on defendant's motion to dismiss for failure to include indispensable parties as parties plaintiff pursuant to Rule 19(b), Fed.R.Civ.P. This motion, having been briefed and argued, is now ripe for disposition.

The agreement and deed executed by and between Rosa Tucker Mason and Washington and Lee University dated September 16, 1957, governing the donation of "Col Alto" and enunciating the conditions under which the home would revert, reads in pertinent part:

> The University agrees that if in the future it should determine, for any reason, that it no longer desires or is able to retain the premises under the conditions set forth herein, it will convey the premises to those persons then living who shall be determined to be the next of kin of the owner.

Said owner was the now deceased Rosa Tucker Mason.

It is undisputed that the plaintiff is the sole surviving sibling of Mrs. Mason. It is equally undisputed that Mrs. Mason had another sister and three brothers, all of whom are now dead, but several of whom had children, some of whom are now alive and citizens of the Commonwealth of Virginia. It is the defendant's contention that the children of Mrs. Mason's deceased siblings constitute at least a portion of Mrs. Mason's next of kin, as contemplated in the agreement. Thus, defendant contends, Mrs. Mason's nieces and nephews are indispensable parties to this litigation and since at least one niece or nephew is a citizen of Virginia, the contention of defendant is that this court must dismiss this action for lack of complete diversity between the parties. Plaintiff denies defendant's contentions and vigorously asserts that the plaintiff, as Mrs. Mason's sole surviving sibling, is the only "next of kin" within the meaning of the agreement.

█ Under a long line of cases beginning with *Erie Railroad Co. v. Tomkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court is bound to apply state substantive law to actions brought pursuant to diversity jurisdiction. The threshold question for the court's determination is what does the language "those persons then living" mean or, in other words, at what point in time does the court look to determine who are Mrs. Mason's "next of kin". The parties are in agreement that the class should be determined as of the date the defendant allegedly breached the conditions under which Mrs. Mason donated her home to the defendant. Presumably, the breach of conditions took place within a reasonable time prior to the institution of this action. The court is in complete agreement with the parties' evaluation that the class of next of kin is not determined until a breach of the conditions contained in the agreement takes place. The language of the agreement is clear and unambiguous and states that should the University determine that it no longer desires or is able to retain the premises under the conditions set forth, then it will convey the premises to those persons then living

who shall be determined to be the next of kin of the owner. The only reasonable interpretation of this portion of the agreement is that the possible reversion lies in favor of Mrs. Mason's next of kin who are living at the time the conditions she set out are breached.

The next question the court must consider is what does the phrase "next of kin" mean under Virginia law. Plaintiff argues that the phrase means nearest in blood or consanguinity to Mrs. Mason and thus the plaintiff is the sole surviving next of kin. Plaintiff, however, is unable to cite a Virginia case for this proposition. The defendant, on the other hand, while also unable to cite a Virginia case on point, argues by analogy that Mrs. Mason's nieces and nephews are, as well as the plaintiff, her next of kin. The defendant refers the court to the case of *Bonewell v. Smith,* 120 Va. 431, 91 S.E. 759 (1917), for the proposition that "kindred", as used in Virginia Code § 64.-1–1 has the same meaning as "next of kin". Step 4 of Virginia Code § 64.1–1, which defines the term kindred for the purpose of the course of descents of realty, places an intestate's surviving brothers and sisters in the same class as the descendants of the intestate's previously deceased brothers and sisters. Virginia Code § 64.1–11 provides the same course of descent for an intestate's personalty. Thus, the defendant contends the Virginia General Assembly has statutorily equated the instant plaintiff with Mrs. Mason's living nieces and nephews and therefore this court should find them to be a part of the class of Mrs. Mason's next of kin under Virginia law. The defendant further submits that in *Copenhaver v. Pendleton,* 155 Va. 463, 155 S.E. 802 (1930), the Virginia Supreme Court held that descent is fixed by statute and that the common law course of descent has been repealed and abrogated.

■ This court finds the defendant's reasoning persuasive authority for the proposition that the plaintiff and Mrs. Mason's nieces and nephews have been statutorily defined to be in the same class of Mrs. Mason's next of kin. The court, however,

need not rely solely on the defendant's line of reasoning in holding that Mrs. Mason's nieces and nephews are also her next of kin as contemplated in the agreement. As noted above, it is incumbent upon this court to ascertain how the Virginia Supreme Court would define the term "next of kin" as contained in the agreement. Should the court be unable to find such a definition, the court must determine what it believes the Virginia Supreme Court would find were it compelled to decide the case. Two Virginia cases, dealing with the interpretation of a testators will, lead this court to conclude that the Virginia Supreme Court would find Mrs. Mason's nieces and nephews to be her "next of kin", embracing such nieces and nephews in the same class as the plaintiff, all making up the next of kin of the decedent testatrix.

The following language is found in *Newton v. Newton,* 199 Va. 785, 787, 102 S.E.2d 312 (1958):

He left surviving only the appellant, who was his second wife and the children and grandchildren of his deceased brothers and sisters as his next of kin.

In *Eason v. Eason,* 203 Va. 246, 248, 123 S.E.2d 361 (1962), the Virginia Supreme Court again appears to define the term "next of kin":

[Miss Eason] left surviving her as her next of kin a brother, James L. Eason, or LaSalle, and two nephews, Samuel W. Eason, of Summit, New Jersey, and Robert R. Eason, of Buena Vista, Virginia, both of whom are doctors.

It should be pointed out that the grandchildren in the former case, and the nephews in the later case, were not defined as the testator's next of kin in the respective wills being contested. The characterization "next of kin" was placed on these individuals by the Virginia Supreme Court.

In light of the above quoted language, this court finds itself bound to hold that Mrs. Mason's nieces and nephews are among her next of kin as contemplated in the agreement. Had Mrs. Mason intended a different result, she was free to have said so.

**24**

The sole remaining issue for this court's determination is whether Mrs. Mason's nieces and nephews are indispensable parties pursuant to Rule 19, Fed.R.Civ.P. Rule 19(a) requires that a person be joined as a party if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. In *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the Supreme Court enunciated four factors to be considered in determining whether a person is an indispensable party: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. The Supreme Court held that these four factors were not mutually exclusive and were not the only considerations that may be taken into account by the court.

■ The court finds beyond doubt that Mrs. Mason's nieces and nephews have an interest relating to the subject of the action and are so situated that the disposition of the action in their absence would both impair and impede their ability to protect that interest and would certainly leave those persons already parties to the action subject to a substantial risk of incurring multiple obligations by reason of the nieces and nephews claimed interest. It is inescapable that should the defendant prevail it would still be subject to the possible future claims of the nieces and nephews. The same fate would befall the plaintiff should she prevail in the action, in that she would still be subject to possible future claims of her nieces and nephews. For these reasons, the court finds it unnecessary to discuss the other factors outlined in *Patterson, supra.*

Finding that Mrs. Mason's nieces and nephews are indispensable parties to this action, and in light of the undisputed fact that several of the nieces and nephews are citizens of the Commonwealth of Virginia, the court is constrained to find that the joinder of these indispensable parties would destroy the requirement of complete diversity between all plaintiffs and defendant. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). In other words, the joinder of these indispensable parties deprives this court of subject matter jurisdiction.

Obviously, this court's decision to dismiss this action is with prejudice as to this federal forum, but the court's judgment is not on the merits of plaintiff's claim and thus in no way prejudices plaintiff's right to proceed in a proper forum.

For all of these reasons, an appropriate Order will this day be entered granting the defendant's motion to dismiss for failure to include indispensable parties as parties plaintiff.