Oliver vs. Vance, Jr., et al.

---

---

## OLIVER vs. VANCE, Jr., et al.

1. ADMINISTRATION: *Distribution of property: Jurisdiction.*

Claims for the distribution of personal property of an estate in administration must be made to the probate court; and when not needed for payment of debts, claims for the real property may be asserted by action at law. Equity ordinarily has no jurisdiction.

2. DESCENTS AND DISTRIBUTION: *Rules in Kelley's case.*

The rules of descent educed from the statute and then formulated, in the case of *Kelley's Heirs v. McGuire et al.*, 15 *Ark.*, 555, have become rules of property, to be disturbed only by the legislature.

By the first section of the statute, the personal property of which an intestate dying without wife, children or father, was possessed, or in which he had a vested interest in remainder after the death of another, goes, after payment of debts, to his mother as his sole distributee.

Real property given by a paternal uncle is ancestral, as if it came from the father; and upon the death of the donee, intestate, it will descend to his nearest relations who are of the blood of the donor, to the exclusion of those who are not of his blood. The donee, or person last entitled to possession, and not the donor, remains the *propositus*, whose nearest relations of the donor's blood must be traced for heirs.

APPEAL from *Crittenden* Circuit Court in Chancery.

Hon. L. L. MACK, Circuit Judge.

*Lyle*, for appellant.

*Brown, contra.*

EAKIN, J. The complainant, a sister of John M. Jones, shows that said John M. died about the year 1871, leaving a will, by which he devised and bequeathed two-thirds of all his property, real and personal, to his wife Mary ; and the remaining third to his nephew, Van R. Jones, the son of a deceased brother. Providing further: That upon the death of the wife, the said Van R. should have one-half of her estate, real and personal. He left a considerable estate, consisting of several tracts of land, cattle, horses, a store-house with a stock of goods, and other personal property.

Each took possession of their respective shares, and administration, with the will annexed, was taken upon the estate, first by the wife, and after her subsequent marriage, by her husband. This is not closed.

Van R. then died a minor, and intestate, leaving him surviving his mother and four brothers Administration upon his estate was granted to defendant, William Vance, jr. The wife afterwards died, leaving a second husband.

The mother, administrator and brothers of Van R. are made defendants, charging that they claim to be entitled, as his heirs, to the third of the estate bequeathed and devised to him directly by John M., as well as the half of the two-thirds given to said testator's wife; that they have drawn from said administrator, Vance, large amounts of property ; and applied to the chancery court for a partition of all.

She claims as heir of the testator, John M., and as his nearest in blood—calls for a discovery of the amounts

drawn by the mother and brothers of Van R. from Vance, the administrator; and, as to the latter, that he reveal in his answer the present status, description and place of the estate—where it is, and how much he has paid over to the claimants, and by what authority. She prays that all the property left by Van R. be vested in her, and that the defendants be enjoined from setting up their claims, or disposing of the property, or disturbing her in its enjoyment—that they be ordered to restore to Vance what he has paid out, or make refunding bonds; and that Vance be enjoined from paying them any more. There is also the usual prayer for general relief.

To this bill there was no demurrer.

Vance and the mother answered separately, and the brothers adopted the mother's answer.

Of these answers it may suffice to say that they disclose nothing materially modifying the facts stated in the bill; nor do they set up any new matter constituting a defense, if any was necessary. Voluminous depositions were taken, upon which, with the bill and answers, the cause was heard. The chancellor dismissed the bill for want of equity, and held the mother entitled to the personal, and the brothers to the real estate of Van R. Complainants appealed.

It is not easy to perceive, in this bill, any of the peculiar grounds which call for the interference of a court of equity, even if the rights of complainant as heir and distributee of the estate of Van R. be conceded. Both the estates of John M. and his nephew, Van R. Jones, are in due course of administration in the probate court. Claims for distribution of personalty, after payment of debts, may be first made and determined there, and when not requisite for payment of debts, claims to real estate may be asserted,

by action at law. Since the power is given to compel parties to testify, bills of discovery have, except in a few cases, been prohibited by the Code; and this court has often announced the doctrine, that courts of chancery can not lift the administration of estates out of the probate courts, and proceed to settle them. They may correct frauds, but if there be anything further to be done beyond the mere distribution of a fund, the practice is to remand the administration to the probate court to proceed upon the basis of the correction.

The bill was not demurred to, however, and this court will proceed to review the decree of the chancellor upon its merits.

This court, after full argument, and patient consideration, in the case of *Kelly's Heirs v. McGuire & Wife et al.*, *15 Ark., 555*, endeavored to shape into form and order, our confused and incongruous law of descents and distributions. The rules educed from the provisions of the statute and then formulated, have met with the approbation of the profession, and have been since followed until they have become rules of property—so much so, that the rules in Kelly's case in our state, have been oftener cited, and are more familiar to the profession than the rule in Shelly's case. It must now be left to the legislature to disturb them, if right and justice may ever seem to require it. Nothing in our judicature calls more emphatically for the application of the policy of the courts: " *stare decisis.*"

Drawing from that source, our rules of construction, it is plain, under the first section of said act, that all the personal property of Van R. Jones, of which he died possessed, or to which he had a vested interest in remainder after the death of Mary Jones, went, after payment of his

debts, to his mother, as his sole distributee. The complainant had no right to any of it.

As to the real estate, it came from a relative in blood of Van R.'s father, and must be considered as ancestral. The court in holding this, in Kelly's case, did not mean that in such cases the donor or devisor, became himself the *proposi-tus* from which the descent was to be traced. The person last entitled to possession, or last invested with the vested remainder, remains the *propositus*, whose nearest heirs are to be traced. They must, however, be of the blood of the person from whom the benefit came, that is to say, the line of descent must be traced on that line, leaving off the side which bore no relation to the donor. In the case in judgment, we drop the mother altogether, since the land did not come through her, nor any of her blood. We take the father's line, because we find the lands came from a relative of the blood of the father. But we retain the deceased Van R. as the *propositus*, and seek *his heirs on that side*, and not the heirs of the original donor. In other words, an estate given by a paternal uncle is ancestral, *as if* it descended from the father, because it comes, of bounty, from one of the father's blood; and the same rule would apply on the mother's side.

Any construction of the law, which, on failure of descendants of a donee, would make the donor the *propositus*, would, in effect, enable one by gift or devise of land to a kinsman, to reserve a reversion to his heirs after an estate of inheritance given to another. This would contravene the policy of our laws.

After the death of Van R. Jones, his real estate descended to his brothers to the exclusion of his mother. His brothers were his nearest heirs on that side, and they took,

not only real estate in possession, but also vested interests in remainder.

Affirm the decree.