Pond v. Irwin.

Filed Jan. 28, 1888.

No. 14,061.

## Pond v. Irwin.

DESCENT.—*Kindred of Half-Blood.*—*Statute Construed.*—Under section 2472, R. S. 1881, where one to whom land has come by descent dies intestate, unmarried and without issue, and leaving no brother or sister either of the whole or half-blood having the blood of the ancestor from whom the property descended, a half-brother not of the blood of such ancestor will inherit to the exclusion of kindred of the blood more distantly related to the intestate.

PARTIES.—*Substitution.*—*Discretion of Trial Court.*—Under section 271, R. S. 1881, courts have power to substitute a new party where there has been a transfer of interest after the commencement of the action, if, in their discretion, they deem it proper so to do, and the Supreme Court will not review the exercise of such power unless an abuse of discretion is affirmatively shown.

From the Rush Circuit Court.

*W. A. Cullen*, for appellant.

*C. Cambern, T. J. Newkirk* and *G. W. Cooper*, for appellee.

NIBLACK, J.—On the 19th day of April, 1885, Eliza Street, whose maiden name was Eliza Pond, died intestate the owner of several lots and tracts of land situate in the counties of Rush and Fayette, in this State, respectively. Her interest in this real estate had descended to her from her husband, George Street, who had then but recently died. She left no children or other lineal descendants. Her next of kin consisted of a considerable number of persons, either constituting or representing the shares of seven brothers and sisters. Emily Pond, one of Mrs. Street's sisters, had, more than thirty years previously, intermarried with one Robert Bratton, by whom she had one child, known as Elizabeth Bratton. This sister, Emily, soon afterwards died, leaving her daughter, Elizabeth, and her husband, Robert Bratton, her only heirs at law. Robert Bratton remarried, and by his second wife had one son, named John R. Bratton. Afterwards, and before the death of Mrs. Street, Robert Bratton died, leaving his daughter, Elizabeth, and his son, John, as his only children and heirs at law. Elizabeth Bratton was, therefore, at the time of Mrs. Street's death, the only lineal descendant of her deceased mother, and, as such, became entitled to one undivided seventh part of the real estate left by Mrs. Street.

Since the death of Mrs. Street, that is to say, in October, 1885, Elizabeth Bratton died intestate, unmarried and without issue, leaving, as is claimed, her half-brother, John R. Bratton, as her next of kin and only surviving heir at law.

In December, 1886, John R. Bratton, relying upon the substantial facts hereinabove stated, filed his complaint in the court below praying partition of the real estate of which Mrs. Street died seized, and demanding that one-seventh part in value be set off to him in severalty as the only heir at law of his deceased half-sister, Elizabeth Bratton. Thomas

H. Pond, one of Mrs. Street's brothers, and all others representing any of the interests of her other brothers and sisters, were made parties defendant.

Thomas H. Pond, the only defendant who made any defence, demurred to the complaint, upon the ground that upon the facts stated the plaintiff, Bratton, had no title to, or interest in, the real estate in suit, but his demurrer was overruled.

In response to some interrogatories submitted to him during the progress of the cause, the plaintiff answered that on a day named, which was several months after the suit had been commenced, he had sold and conveyed all his interest in the real estate in controversy to Joseph I. Irwin, the appellee in this appeal.

After the demurrer to the complaint had been overruled, Irwin filed his intervening petition, setting up his purchase of the plaintiff's interest in the real estate as stated, and praying to be substituted as plaintiff in the place of Bratton.

Over the objection of Pond, the appellant here, the prayer of the petition was granted, and Irwin was substituted as plaintiff.

Upon a hearing, the court made a finding, amongst other things, that Irwin was the owner in fee of one undivided seventh part in value of the real estate described in the complaint, and that he was entitled to have partition of such real estate; also, that partition of the same could not be made without damage to the owners thereof. As a supplement to this finding, the court ordered a sale of the real estate and a division of the proceeds, and appointed a commissioner to make the sale.

Thomas H. Pond is the only appellant, and he assigns error upon the overruling of his demurrer to the complaint, and upon the substitution of Irwin as plaintiff in place of Bratton.

The objection made to the sufficiency of the complaint is based upon the claim that, on the death of Elizabeth Brat-

ton, her interest in the real estate of which partition is sought reverted to the brothers and sisters of Mrs. Street, or their descendants, as the case may be, instead of descending to John R. Bratton, who is not of the blood of the Pond family, to which Mrs. Street belonged, and it is contended that a proper construction of section 2472, R. S. 1881, sustains this claim. It is admitted that in the case of *Robertson* v. *Burrell*, 40 Ind. 328, a different construction was given to that section, but an elaborate argument has been submitted against the correctness of the conclusion announced in that case. The section is as follows:

"Kindred of the half-blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate by gift, devise, or descent from any ancestor, those only who are of the blood of such ancestor shall inherit: *Provided,* That on failure of such kindred, other kindred of the half-blood shall inherit as if they were of the whole blood."

In the case above referred to, this court construed the section thus set out as if it read "Kindred of the half-blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate by gift, devise, or descent, from any ancestor, those kindred of the half-blood only who are of the blood of such ancestor shall inherit; provided, that on failure of such kindred of the half-blood having the blood of such ancestor, other kindred of the half-blood shall inherit as if they were of the whole blood."

Applying the section as thus construed to the case before us, it means, by way of illustration, that if Elizabeth Bratton had also left surviving her a half-brother or half-sister on her mother's side, that is, of the blood of the mother, he or she would have taken the estate which descended to the said Elizabeth from her mother, to the entire exclusion of John R. Bratton, who is not of the same maternal blood; but that, as she, the said Elizabeth, left no brother or sister, either of the whole blood or half-blood, on the mother's side,

her entire estate in the lands descended to John R. Bratton as if he were of the whole blood. With this construction, and as thus applied, we are entirely content.

We might, perhaps, without a palpable violation of the phraseology used, give to the section under consideration the construction insisted upon by the appellant, but if the question was one of first impression we would not regard such a construction as imperative. When a statute does not really require a different interpretation, we believe that justice is best promoted by preferring brothers and sisters of the half-blood to others more distantly related, and in that view we think the conclusion heretofore reached on the question here involved ought to be favorably considered. As having some analogy to the subject here discussed, see the case of *Murphy* v. *Henry*, 35 Ind. 442; also, *McClanahan* v. *Trafford*, 46 Ind. 410.

That conclusion, too, seems to be sustained by the previous legislation in this State on the same subject-matter, as is shown in the case of *Robertson* v. *Burrell, supra.* Besides, from long acquiescence and implied approval, the doctrine of that case has practically become a rule of property in this State, which ought not to be changed by judicial construction except only for the most cogent reasons—much more cogent, as we believe, than are now urged in that behalf. *Harrow* v. *Myers*, 29 Ind. 469; *Loeb* v. *Mathis*, 37 Ind. 306; *Hawley* v. *Smith*, 45 Ind. 183; *Schori* v. *Stephens*, 62 Ind. 441; *Hines* v. *Driver*, 89 Ind. 339; *Hibbits* v. *Jack*, 97 Ind. 570 (49 Am. R. 478); *Frank* v. *Evansville, etc., R. R. Co.*, 111 Ind. 132.

The appellant has, consequently, no cause to complain of the overruling of his demurrer to the complaint. *Orr* v. *White*, 106 Ind. 341.

Section 271, R. S. 1881, is in the following words: "No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court, on motion or supplemental complaint at any

time within one year, or on supplemental complaint afterward, may allow the action to be continued by or against his representative or successor in interest.   In case of any other transfer of interest, the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action."

We have copied the entire section, so that its general scope and spirit may be the more easily comprehended.   It plainly confers upon the courts ample power to substitute a new party where there has been a transfer of interest after the commencement of the action, if, in their discretion, they deem it proper to make such a substitution.   To authorize a review of the exercise of such a discretion by this court, some good cause must have been shown to the contrary at the proper time, or else something must be made affirmatively to appear indicating that there has been an abuse of discretion in the particular instance in question.

In this cause no specific objection seems to have been made in the court below, nor is any special reason shown here against the substitution of Irwin as plaintiff instead of Bratton.   As all the presumptions are in favor of the correctness of proceedings had in a *nisi prius* court, we must assume that the substitution was rightly made.   *Harvey* v. *Myer*, 9 Ind. 391; *Keller* v. *Miller*, 17 Ind. 206; *Moore* v. *Worley*, 24 Ind. 81; *Sutherland* v. *Davis*, 42 Ind. 26.

The judgment is affirmed, at the appellant's costs.

Filed Feb. 7. 1888.