# Lynch's Estate.

*Deed—Consideration—Natural love and affection—Gift—Blood of the ancestor—Intestate law.*

A deed conveying valuable real estate from a mother to a daughter for the consideration of "one dollar (as well as in consideration of natural love and affection)" is to be construed as a gift, and not as a bargain and sale; and if the daughter dies intestate the property will go to the next of kin on her mother's side to the exclusion of her father's relatives.

Argued Nov. 13, 1907. Appeal, No. 208, Oct. T., 1907, by Orrin W. Lynch and John P. Escher, Executors, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1907, No. 568, dismissing exceptions to report of auditor In re first and final account of Henry J. Lynch, Trustee for the Heirs of Susanna Lynch, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of auditor.

From the record it appeared that by deed dated June 2, 1880, Ann Lynch conveyed a house and lot in the Ninth ward, Pittsburg, to her daughter, Susanna Lynch, the consideration expressed in the deed being "the sum of one dollar (as well as in consideration of natural love and affection), lawful money of the United States, unto her well and truly paid." Ann Lynch was the wife of William F. Lynch; she died March 31, 1895. Her daughter, the grantee, Susanna Lynch, died July 19, 1898. At her death she owned two pieces of real estate, one in the Thirtieth ward of Pittsburg, which came to her from her father, and the other, the Ninth ward property, conveyed to her by her mother. Susanna died unmarried, intestate, and left no brothers or sisters or their descendants, but she did leave uncles and first cousins on her father's side, children of her uncles, and second cousins on her mother's side, children of Catherine Kelley, who was a daughter of Charles Kelley, brother of Ann Lynch, the grantor of the deed in question. After Susanna's death the first cousins and second cousins united in a deed to Henry J. Lynch, authorizing

him to manage and sell both properties and to distribute the proceeds to the parties as they appeared to be entitled under the intestate laws of Pennsylvania. Henry J. Lynch sold the properties, and, dying before an account was filed, his executors filed such account, showing a balance as proceeds of the Ninth ward property of $9,227.31. George E. Alter, Esq., was appointed auditor to make the distribution among the parties entitled, and before him the first cousins (that is, appellants), claimed, as did the second cousins (that is, appellees). He held that the deed under consideration made Susanna Lynch a donee and not a purchaser, and distributed to the second cousins, who were of the blood of Ann Lynch, the grantor in the deed. On exceptions being filed the court below confirmed this report of the auditor, and from this order an appeal was taken.

*Error assigned* was the decree of the court.

*William M. Hall*, with him *George C. Burgwin* and *O. P. Metcalf*, for appellants.—The deed was one of bargain and sale : Groves v. Groves, 65 Ohio, 442 ; Brown v. Whaley, 58 Ohio, 654 ; Morris v. Ward, 36 N. Y. 587 ; Morris Canal & Banking Co. v. Matthiesen, 17 N. J. Eq. 385 ; Sharington v. Strotton, Plow. 298 ; Thatcher v. Omans, 20 Mass. 521 ; Claiborne v. Henderson, 3 Hen. & M. (Va.) 322 ; Guest v. Farley, 19 Mo. 147 ; Slifer v. Beates, 9 S. & R. 166.

There is nothing in the idea that the $1.00 consideration is merely nominal : Clark v. Troy, 20 Cal. 219 ; Lawrence v. McCalmont, 43 U. S. 426 ; Carver v. Jackson, 29 U. S. 1 ; Brown v. Chambersburg Bank, 3 Pa. 187 ; Bell v. Scammon, 15 N. H. 381 ; Ocheltree v. McClung, 7 W. Va. 232 ; Maccubbin v. Cromwell, 7 Gill & J. 157 ; Jackson v. Alexander, 3 Johns. 484 ; see 3 Am. Dec. 517 ; Wood v. Chapin, 13 N. Y. 509 ; see 67 Am. Dec. 62 ; Okison v. Patterson, 1 W. & S. 395.

It has been expressly decided by this Supreme Court of Pennsylvania in two cases that you cannot change the effect of a deed of purchase into a deed of gift : Wilt v. Franklin, 1 Binn. 502 ; Allison v. Kurtz, 2 Watts, 185.

The act of May 28, 1715, gives a statutory effect to a deed of bargain and sale, making it inconsistent with the statute

to hold such a deed a deed of gift: Seitzinger v. Weaver, 1 Rawle, 377.

There are three cases which touch our case very closely. These are as follows: Groves v. Groves, 65 Ohio, 442 (62 N. E. Repr. 1044); Brown v. Whaley, 58 Ohio, 654 (49 N. E. Repr. 479); Morris v. Ward, 36 N. Y. 587.

*A. V. D. Watterson*, with him *A. B. Reid*, for appellees.— A devisee whose estate is a mere gratuity is not a purchaser: Hartman's Estate, 4 Rawle, 39; Clepper v. Livergood, 5 Watts, 113; Lewis v. Gorman, 5 Pa. 164; Parr v. Bankhart, 22 Pa. 291; Lawrence v. McCalmont, 43 U. S. 426; Ake v. Mason, 101 Pa. 17.

It is well settled in Pennsylvania that no form of words is required to make a valid conveyance of lands. The intention is the matter looked at: Krider v. Lafferty, 1 Whart. 303; Hayes v. Kershow, 1 Sandf. Ch. 258; Ritzman v. Spencer, 18 Pa. C. C. Rep. 60.

A consideration of natural love and affection raises a presumption of an advancement: Lott v. Kaiser, 61 Texas, 665; Kingsbury's Appeal, 44 Pa. 460; Sanford v. Sanford, 61 Barb. 293.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

The opinion of the learned auditor, confirmed by the court below, correctly disposes of the question at issue in this case. In his opinion, the auditor has referred to numerous cases, clearly analogous in principle, which sustain the conclusion that the deed in question is supported by simply a good, and not a valuable, consideration. In view of the consideration named in the deed and all the circumstances surrounding the transfer of the property from the mother to the daughter, it is manifest that the conveyance of the real estate, embraced in the deed, was intended to be simply a gift, and not a bargain and sale for value.

Bridget Kelley at one time owned the land in question. She conveyed it to Ann Lynch, her daughter, in consideration of "natural love and affection and the sum of one dollar." Bridget Kelley had another daughter and she conveyed to her another piece of real estate in which the consideration

was " one dollar and natural love and affection." In trans-
ferring the real estate given her by her mother, Ann Lynch
observed the same form and named the same consideration
in her deed of June 2, 1880, in which she conveyed the real
estate which she had received from her mother to her daugh-
ter, Susanna Lynch, for the consideration of " one dollar (as
well as in consideration of natural love and affection.)" The
title, therefore, to the premises, the proceeds of which are in
dispute here, came from Bridget Kelley, the propositus, and
was transferred from mother to daughter in each instance
by a deed, in the usual form, and for a consideration of $1.00
and natural love and affection.

Under the admitted facts in the case, therefore, it is clear
that love and affection rather than the $1.00 consideration
were regarded as the real and actual consideration in the trans-
fer of the property in both instances, from Bridget Kelley, to
Ann Lynch and from the latter to Susanna Lynch. The prop-
erty in question is in the city of Pittsburg and is quite valu-
able. Hence, in view of the consideration named in the deed,
it must be regarded as having been conveyed to Susanna
Lynch simply for a good and not a valuable consideration.
The sum named in the deed as having been received is so in-
significant and infinitesimally small when compared with the
real value of the property as to show conclusively that it was
named in the deed merely as a matter of form by the con-
veyancer, he entertaining the mistaken notion that some con-
sideration beyond that of love and affection was necessary to
give the deed validity and transfer the title. It is a matter
of common knowledge, that when parents, in their lifetime,
give their children real estate, it is the practice to name in the
deed a nominal consideration in addition to that of love and
affection.

Such transfers of property are never regarded as a bargain
and sale, although the deed contains the usual covenants and
warranty employed in deeds conveying a fee simple title. So
universal is the practice in this respect that the grantee in such
deed is always considered as having received the property as a
gift. As well said by MAYNARD, J., in Ten Eyck v. Witbeck,
135 N. Y. 40, 31 Am. St. Rep. 809, in considering a deed with
a nominal consideration (p. 811): "We think it would be a

perversion of language to say that a father who had con-
veyed to a daughter property of the value of twenty thousand
dollars for no greater sum than ten dollars paid had sold the
property to his child, or that she bought it of him. The trans-
fer would be recognized by the popular as well as the judicial
mind as possessing all the essential qualities of a gift. It has
been frequently so held." (Citing numerous cases, among
which is Morris v. Ward, 36 N. Y. 587.) The same view was
taken by the supreme court of California in the leading case
of Peck v. Vandenberg, 30 Cal. 11, wherein the consideration
recited in a deed from a mother to her eight children was nat-
ural love and affection and the sum of $5.00. In Salmon v.
Wilson, 41 Cal. 595, a grantor conveyed to his children an un-
divided interest in a large and valuable ranch, the consideration
named being love and affection and $461. It was held that
the deed itself, taken in connection with all the circumstances,
the relation of the parties and the small sum named as the
consideration, showed the transaction was a gift and not a
sale and purchase. Mr. Justice CROCKETT, delivering the opin-
ion of the court, said : " If the recital of the paltry money
consideration, so insignificant as compared with the value of
the estate, is to convert the transaction into one of bargain and
sale, no reason is perceived why the same result would not
have ensued if the consideration had been one dollar or one
cent for each of the children, instead of fifty-eight dollars.
The disproportion between the price named and the value of
the estate would have only been a trifle greater in one case
than in the other ; but in either case, it is so enormously large
as clearly to indicate that the money consideration would not
in fact enter into the transaction as one of its material ele-
ments. It was clearly the intention of Bojorgues to donate
this large and valuable estate to his children in equal propor-
tions and not to sell it to them. . . . If we should hold that
the insertion in the deed of an inconsiderable money considera-
tion by the scrivener who drew it up had the effect to convert
the transaction into one of sale, I am convinced we would
give an effect to this deed which never entered into the minds
of the parties to it at the time it was made." To the same
effect is the recent case of Sires v. Sires, 43 S. C. 266. In
that case the consideration named was $3.00, and the court

held that it was merely nominal and formal and that the property was therefore conveyed as a gift.   The public press has just announced that a gentleman of Philadelphia has made a Christmas present to his grandson by conveying to him a manufacturing plant located in that city worth $300,000 and that the consideration named in the deed is " one dollar and natural love and affection."   Can there be any doubt as to the character of this transaction from the facts disclosed by the deed and the known circumstances, and that it is purely a gift and not a bargain and sale ?   The intention of the parties is so manifest and property rights so imperatively demand that it be recognized and enforced, that a court would stultify itself were it to hold the transfer to be a bargain and sale.

Long prior to the act of April 8, 1833, which prohibits land passing to others than those of the blood of the ancestor, the same policy or principle was recognized and enforced by legislation in this state.   It seems to have been the policy of our state from the very beginning, and it is so recognized in our decisions.   In Bevan v. Taylor, 7 S. & R. 397, it is said by Mr. Justice Duncan in delivering the opinion (p. 404): " Under the acts of 1794 and 1797, it was the intention of the legislature, in every grade of descent, to exclude from the inheritance all who were not of the blood of the ancestor from whom the estate came, and to preserve it in the line in which it came ; in other words, that the ancestor is the commune vinculum, whether the estate ascends or descends."   And in Lewis v. Gorman, 5 Pa. 164, it is said (p. 165): " Almost from the beginning, one great object of the framers of our system of descents has been to preserve real property in the line of those who originally acquired it."

Such is, and unquestionably has been the policy of our state ; and where anyone claims title to real estate through one who held by descent, gift or devise, he must be able to point to the fact that the blood of the ancestor flows in his veins.   To carry out this policy, we have had frequent acts of the legislature, the last one, which is substantially a re-enactment of the act of 1833, is the Act of May 25, 1887, P. L. 261, 2 Purd. (13th ed.) 2000, the second section of which prohibits any person from taking an estate " who is not of the blood of the ancestors or other re-

lations from whom any real estate descended, or by whom it was given or devised to the intestate." To hold that a deed from a parent to a child naming a consideration of love and affection and $1.00 impressed upon it a grant of bargain and sale would be contrary to the popular understanding of the effect of such a conveyance, and would in every case defeat the manifest intention of the parties. In construing such a deed, regard must be had not only to the deed itself, but to the consideration, the circumstances attending the transfer, and the popular understanding as to the character of the transaction. This will effect the intention of the parties and, the language of the deed disclosing no different purpose, it is the duty of the court to so construe it.

If Ann Lynch had inserted in this deed a consideration of natural love and affection only, there could be no question that it would have transferred to Susanna the real estate as a gift. What reason is there to support the contention that the deed is one of bargain and sale because the nominal sum of $1.00 was named as a part of the consideration? Would any person believe for a moment that the money consideration named was the actual or true consideration intended by the parties for property worth several thousand dollars? Reason and common sense are supposed to be the bases of judicial determination, and hence we must hold that Susanna Lynch acquired the property, the proceeds of which are in dispute, from her mother as a gift, within the meaning of the act of assembly which denies the right of any person not of the blood of the ancestor to take any estate therein.

The learned auditor, whose report was confirmed by the court, fully vindicates his conclusion in the opinion filed by him.

The decree of the court below is affirmed.