## Hess v. Riegel.

*Real estate—Intestacy—Blood of first purchaser—Act of May 25, 1887.*

The owner of real estate conveyed it by deed without consideration and subject to certain mortgages to a third person, who thereupon conveyed it without consideration, but subject to the same mortgages, to the wife of the original owner: *Held*, that the wife acquired the real estate by gift, and that the husband was the source of inheritable blood.

Act of May 25, 1887, P. L. 261, considered.

Action to quiet title to land. C. P. Northampton Co., Nov. T., 1922, No. 25.

*Frank Reeder*, for plaintiff.

*F. H. Lehr* and *Smith, Paff & Laub*, for defendant.

McKEEN, J., Feb. 5, 1923.—This action was brought under the provisions of the Act of June 10, 1893, P. L. 415, entitled "An act to provide for the quieting of titles to land." Upon the hearing of the rule *sur* petition of defendant on plaintiff to appear and show cause, etc., the following issue was framed: "Is Martin J. Riegel the owner in fee simple of the title to the premises situated on the south side of Bushkill Street, in the City of Easton, County of Northampton and State of Pennsylvania, containing fifty (50) feet on said south side of said Bushkill Street and being sixty (60) feet in depth, and described in two deeds of conveyance—one from Samuel Saylor and wife to M. J. Riegel, dated Dec. 31, 1866, and recorded in the office for the recording of deeds of Northampton County in Deed Book F., vol. II, page 602, and a deed from the Borough of Easton to M. J. Riegel, dated April 9, 1867, and recorded in Deed Book G., vol. II, page 146?" The question involved is whether Martin J. Riegel is the owner in fee simple of the premises situated on Bushkill Street, in the City of Easton, County of Northampton and State of Pennsylvania, and described in the petition for an issue, or whether George D. Hess, surviving son of Anna M. Hess, is the owner in fee simple of the premises, subject to the life estate of Martin J. Riegel as tenant by curtesy. The facts in the case are not in dispute, and the only other question involved outside of the determination of the main question is the competency of Martin J. Riegel to testify as to the actual consideration paid, notwithstanding the named consideration in the deed. This question has been conclusively decided by the appellate courts under the rules laid down in Henry *v.* Zurflieh, 203 Pa. 440; Tasin et al. *v.* Bastress, 268 Pa. 85; Miles *v.* Waggoner, 23 Pa. Superior Ct. 432, and Act of May 23, 1887, § 4 *(e)*, P. L. 158, and does not require further discussion.

When Anna L. Riegel died on Dec. 11, 1904, she was survived by her husband, Martin J. Riegel, and one child, Henry M. Riegel. She also died seised in fee of the premises, the title to which is now in dispute, and whether this title came to her by gift or purchase, she had a fee simple estate in the premises at the time of her death. She died intestate, and under the intestate laws of the Commonwealth of Pennsylvania the premises descended to her only son, Henry M. Riegel, subject to the life estate of Martin J. Riegel, as tenant by curtesy. Martin J. Riegel was the surviving spouse of an intestate.

When Henry M. Riegel died Sept. 11, 1914, he was unmarried and without issue and left to survive him his father, Martin J. Riegel, the defendant in this case, and an uncle, George D. Hess, plaintiff. Both the plaintiff and the defendant in the case, therefore, claim title by descent from Henry M. Riegel, in whom reposed an inheritable estate at the time of his death. Henry M. Riegel died intestate; therefore, Martin J. Riegel claims the premises in dispute by descent from his son. Martin J. Riegel in this claim is supported by

section 5 of the Act of April 8, 1833, P. L. 315, 318, entitled "An act relating to the descent and distribution of the estates of intestates," which reads: "In default of issue and brothers and sisters of the whole blood and their descendants as aforesaid, and subject to the estates and interests hereinbefore given to the widow or surviving husband, if any, the real estate shall go to and be vested in the father or mother of the intestate, or, if both be living at the time of his death, in the father and mother for such estate as said intestate had therein." If there were nothing further in the case, there would be no question that upon the death of Henry M. Riegel, the only son of Martin J. Riegel and Anna L. Riegel, the title to the premises would pass to the sole surviving parent of Henry M. Riegel, who was already entitled to the life estate as the surviving husband of Anna L. Riegel, and the life estate, coupled with the estate in fee and remainder, would give Martin J. Riegel a fee simple estate in the premises. But plaintiff urges that the defendant, Martin J. Riegel, is disqualified under section 2 of the Act of May 25, 1887, P. L. 261, from taking because he is not of the blood of the first purchaser, and further urges that the property was brought into the family by Anna M. Hess, and by her conveyed for a nominal consideration to Anna L. Riegel, the wife of Martin J. Riegel, and then descended to Henry M. Riegel. The plaintiff quotes the 2nd section of the act in support of his contention: "No person who is not of the blood of the ancestors or other relations from whom any real estate descended, or by whom it was given or devised to the intestate, shall, in any of the cases before mentioned, take any estate therein, but such real estate shall pass to and vest in such other persons as would be entitled by this act if the persons not of the blood of such ancestor or other relation had never existed, or were dead at the decease of the intestate." This raises the question: Who was the first purchaser? It is not disputed that Martin J. Riegel was a purchaser for value of these premises when he purchased the premises from Samuel Saylor and wife and from the Borough of Easton. When Martin J. Riegel and his wife conveyed the premises on Oct. 27, 1902, by deed recorded in the office for the recording of deeds, at the City of Easton, in and for the County of Northampton, in Deed Book H., vol. 31, page 661, to Anna M. Hess, and Anna M. Hess, on Oct. 28, 1902, conveyed the premises by deed recorded in said office for the recording of deeds in Deed Book H., vol. 31, page 664, to Anna L. Riegel, no valuable consideration of any kind whatsoever passed from either Anna M. Hess to Martin J. Riegel, or from Anna L. Riegel to Anna M. Hess or Martin J. Riegel. The purpose is apparent. Martin J. Riegel intended to give these premises to his wife, Anna L. Riegel, and adopted a course usually adopted by doing it through Anna M. Hess as a conduit. Nowhere in the transaction, however, was there any consideration paid or given. The conveyance from Martin J. Riegel and wife to Anna M. Hess was made subject to two mortgages, but the conveyance of Anna M. Hess to Anna L. Riegel was made subject to the same mortgages, and the record of satisfaction shows that the mortgages were paid by the mortgagor and not by either Anna M. Hess or Anna L. Riegel, and there was no testimony to show that either Anna M. Hess or Anna L. Riegel paid any part of the mortgages. Under these circumstances, it must be held, as already appears in the answers to the requests for findings of fact filed, that there was no consideration for the conveyance of the premises in dispute from Martin J. Riegel and wife to Anna M. Hess, or for the conveyance from Anna M. Hess to Anna L. Riegel. This being so, the premises were not acquired by purchase, but by gift, which is another form of acquiring a title to an estate in lands. Since neither Anna M. Hess nor Anna L. Riegel were pur-

4 D. & C.

chasers of the premises for a valuable consideration, there can be but one conclusion, that Martin J. Riegel, the defendant, was the first purchaser, and it is from him the inheritable blood springs. This conclusion is supported in the case of Lewis v. Gorman, 5 Pa. 164, where, in the opinion of the court below, which was adopted by the Supreme Court, the following appears: "It is true, if one purchase an estate, or otherwise acquire it by his own means, he becomes the fountain of inheritable blood, and it will descend under our system on all his collaterals, whether of the paternal or maternal line. But although, at common law, all who take in any way except by descent are regarded as purchasers, it would be easy to show, in the words of our statute, that one who takes gratuitously by devise is not to be viewed as the *propositus* in determining the future descent of the land. To make him so, he must be a purchaser for value in the popular sense of the term, or at least derive the estate by gift from some one other than an ancestor. But we are spared the necessity of argument on this head by the determination in the case of Hartman's Estate, 4 Rawle, 39, where an intestate had taken certain land at an appraised value, under the will of his father, paying to his brothers and sisters their share of the valuation. Our Supreme Court took a distinction between that portion of the estate for which he had paid and that which he held gratuitously as his share. As to the former, he was deemed a purchaser for value, and, therefore, the founder of a new stock; but as to the latter, though he took by virtue of the devise, he was not so regarded, and, consequently, the estate having come to him by way of testamentary gift on the part of his father, it was held his mother was to be excluded from the enjoyment of any portion of such share. This case settles that in case of gift by devise by a father to a child, the devisee, although at common law deemed a purchaser, and as such the head of a new line of descent, is not so esteemed under our statute, but we must go back to him who actually acquired the estate and brought it into the family in determining who is entitled to succeed to the inheritance." This same principle is laid down in the recent case of Lynch's Estate, 220 Pa. 14.

The parties presented to the court their requests for findings of fact as well as findings of law, which are herewith filed, together with the court's replies thereto, and made a part of this opinion.

And now, Feb. 5, 1923, the court adjudges and decrees that Martin J. Riegel is the owner in fee simple of the title to the premises situated on the south side of Bushkill Street, in the City of Easton, County of Northampton and State of Pennsylvania, containing fifty feet on said south side of said Bushkill Street and being sixty feet in depth, as described in two deeds of conveyance from Samuel Saylor and wife to Martin J. Riegel, dated Dec. 31, 1866, and recorded in the office for the recording of deeds, at the City of Easton, in and for the County of Northampton, in Deed Book F., vol. II, page 602, and a deed from the Borough of Easton, dated April 9, 1867, and recorded in said office for the recording of deeds, at the City of Easton, in and for the County of Northampton, in Deed Book G., vol. II, page 146. The court further adjudges and decrees in favor of defendant in the issue as framed, and the prothonotary is directed to give notice forthwith to the parties hereto of this decree, and unless exceptions are filed within thirty days after service of notice, the prothonotary is directed to enter judgment for the defendant and against the plaintiff in accordance with the within findings, as provided by the Act of April 22, 1874, P. L. 109.

**From Henry D. Maxwell, Easton, Pa.**