# VERA McDONNALL AND OTHERS v. HAZEL DRAWZ AND OTHERS.
## FRANK BATES AND OTHERS, APPELLANTS.[1]

April 17, 1942.

No. 33,113.

[1]Reported in 3 N. W. (2d) 419.

*H. M. Algyer*, for appellants.

*A. R. English* and *Shorett, Shorett & Taylor*, for respondents.

PETERSON, JUSTICE.

On January 9, 1939, one Claude A. Bates, an adult, died intestate owning real estate not homestead in character which descended to him by inheritance from his father, Horace A. Bates, who acquired ownership of the property by purchase. Claude left no surviving spouse, child, or issue of any deceased child, father, mother, sister, or brother. He left him surviving two groups of relatives who claim his estate. One group, the four respondents (Vera McDonnall, Alta McDonnall Carr, Grace McDonnall Millage, and Richard Randall McDonnall), composed of relatives on his mother's side, are the children of his deceased half brother, James R. McDonnall. His mother was twice married, first to one McDonnall, by whom she had James R., and a second time to Horace A. Bates, by whom she had Claude, the intestate. The half brother, James R. McDonnall, was not of the blood of Horace A. Bates, the first purchaser and the immediate ancestor. See annotation, L. R. A. 1916C, pp. 914, 915-917. The other group, composed of relatives on the father's side, are of the blood of the first purchaser and immediate ancestor. The members of this group are two children of Horace's deceased brother Charles Bates (appellants Frank Bates and Fannie Bates Miller); five children of his deceased brother Will Bates (appellants Jessie Bates Ferguson, Harry Bates, Roy Bates, Gay Bates, and Bud Bates); five children of his deceased brother Nels Bates (appellants Nina Bates Bokken, Iva Bates Bowen, Fred S. Bates, Dale N. Bates, and Lyle M. Bates); and three children of Nels Bates' deceased daughter, Pearl Bates Drummond (appellants Walter Drummond, Vinal Drummond, and Dorothy Strub). Those claiming through the half brother, James R. McDonnall, are three nieces and a nephew

of Claude, and those claiming through the father, Horace A. Bates, are first cousins, except the three surviving children of Pearl, the deceased daughter of Nels, who are second cousins of Claude.

Respondents claim under Mason St. 1938 Supp. § 8992-29(4)(d), as issue of a deceased half brother of the intestate. Appellants, as next of kin of the intestate's father's blood, claim the estate as ancestral property to the exclusion of respondents, under *Id.* §§ 8992-29(4)(e) and 8992-30. The contentions raise the question whether ancestral property descends under our statutes to relations of the ancestor's blood to the exclusion of those of an intestate's half blood, where the former are members of a more remote class entitled to inherit than the latter. The probate court sustained the claims of the blood relatives of the ancestor as against those not of his blood claiming through the half brother. On appeal the district court reversed the probate court. The appeal brings up for review that part of the order below denying appellants' motion for a new trial. See Julius v. Lenz, 212 Minn. 201, 3 N. W. (2d) 10.

The statute applicable at the time of the intestate's death was Mason St. 1938 Supp. § 8992-29, which after making certain specific provisions for the surviving spouse and surviving child or children in subsections 1, 2, and 3, provided, subject thereto, in subsection 4 that the whole estate, real and personal, except as otherwise disposed of by will, shall descend and be distributed as follows:

"(a) In equal shares to the surviving children and to the issue of deceased children by right of representation;

"(b) If there be no surviving child nor issue of any deceased child, and if the intestate leave a surviving spouse, then to such spouse;

"(c) If there be no surviving issue nor spouse, then to the father and mother in equal shares, or if but one survive, then to such survivor;

"(d) If there be no surviving issue, spouse, father nor mother, then in equal shares to the surviving brothers and sisters, and to the issue of any deceased brother or sister by right of representation;

"(e) If there be no surviving issue, spouse, father, mother, brother, nor sister, then in equal shares to the next of kin in equal degree, except that when there are two or more collateral kindred in equal degree claiming through different ancestors, those who claim through the nearest ancestor shall take to the exclusion of those claiming through an ancestor more remote."[2]

Subsection 5 relates to the descent of the property of minors in certain cases and is not here material. *Id.* § 8992-30, reads as follows:

"The degree of kindred shall be computed according to the rules of the civil law. Kindred of the half blood shall inherit equally with those of the whole blood in the same degree unless the inheritance comes to the intestate by descent, devise, or bequest from one of his ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance."[3]

---

[2]Subsequent to the intestate's death, Mason St. 1940 Supp. § 8992-29 (4) (L. 1939, c. 270, §§ 1, 2), amended subdivisions (d) and (e) so as to read: "(d) If there be no surviving issue, spouse, father nor mother, then to the surviving brothers and sisters, if any, and to the issue of any deceased brother or sister in equal shares if all are of equal degree and, if not, then in equal shares to those in the nearest degree and by right of representation to those in a more remote degree.

"(e) If there be no surviving issue, spouse, father, mother, brother, sister, nor issue of any deceased brother or sister, then in equal shares to the next of kin in equal degree, except that when there are two or more collateral kindred in equal degree claiming through different ancestors, those who claim through the nearest ancestor shall take to the exclusion of those claiming through an ancestor more remote." These subdivisions were construed in In re Estate of Galbraith, 210 Minn. 356, 298 N. W. 253.

[3]Mason St. 1938 Supp. §§ 8992-29(1)(2)(3)(4[a-c]) and 8992-30, appear without change in Mason St. 1940 Supp.

The problem is purely one of statutory construction. Section 8992-30, like similar statutes of other states, is obscurely phrased and yields its true meaning only by the aid of construction. Like other statutes, it should be construed so as to give effect to the presumed legislative intention. See Pond v. Irwin, 113 Ind. 243, at p. 247, 15 N. E. 272; "Statutory Treatment of Ancestral Estate and the Half Blood in Intestate Succession," 42 Yale L. J. 101, *et seq.*, at p. 106. Section 8992-30 has been a part of our statutes since territorial days. R. S. 1851, c. 50, § 4. Although the need for removing the obscurity from its provisions by explicit statement of the legislative intent has been obvious, unfortunately the statute in its present form has been carried forward through several statutory revisions, including the new Minnesota Probate Code, Mason St. 1940 Supp. §§ 8992-1 to 8992-200 (L. 1935, c. 72, and amendatory acts).

Section 8992-30 naturally divides itself into three parts, *viz.*, (1) The degrees of kindred shall be computed according to the rules of the civil law; (2) kindred of the half blood shall inherit equally with those of the whole blood in the same degree; (3) unless the inheritance comes to the intestate by descent, devise, or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance.

Sections 8992-29 and 8992-30 should be construed together. Section 8992-29 (4) provides for distribution to the members of the classes mentioned in subds. (a) to (e). The classes of heirs mentioned in subds. (a) to (d) take not by computation of degrees of kindred, but by designation of relationship. Only under subd. (e), which provides for distribution to the next of kin where there are no members of the classes mentioned in subds. (a) to (d), inclusive, are the rights of those entitled to inherit computed by degrees of kindred. In other words, the right to inherit is determined by designated relationship under subds. (a) to (d), inclusive, and by computation of degrees of kindred under subd. (e). The right of each class to inherit is preferred to the exclusion of

others in the order enumerated in the statute. Successive classes take only after the exhaustion of all prior ones. The classes enumerated in each of the subds. (b) to (e) are entitled to take only "if there be no" persons entitled to take under preceding subdivisions, each subdivision being introduced by the quoted words. In the instant case, if those claiming through the half brother of the intestate by right of representation are entitled to take, they fall squarely within subd. (d). In that event, their right to inherit involves no computation of degrees of kinship, but the determination of the requisite relationship. They are members of a class which has the right to inherit prior to the next of kin class to which the ancestor's blood relations belong. Unless § 8992-30 confers on the latter a right to inherit in preference to the former in spite of their being members of a more remote class, the blood relatives of the ancestor cannot take as against the intestate's half blood relatives.

Section 8992-30 is not to be construed as changing the order of distribution to designated classes of relatives enumerated in § 8992-29. The plan of distribution provided for in the last mentioned section is explicit and hence must be regarded as a fixed quantity in the process of construction. In that view, the rule of § 8992-30, that degrees of kindred shall be computed according to the rules of the civil law, applies only where there is occasion to compute degrees of kindred which, as pointed out, is limited to a distribution to the next of kin under subd. (e). The provision that kindred of the half blood shall inherit ·equally with those of the whole blood in the same degree should be construed as meaning that there shall be no discrimination as between half and whole bloods in any case, except that involving the descent of ancestral property to be presently considered. See Rowley v. Stray, 32 Mich. 70, and authorities cited *infra*. 16 Am. Jur., Descent and Distribution, § 62.

Under § 8992-29, the right of the members of classes enumerated in subds. (a) to (d), inclusive, depends on the relationship specified by the statute rather than computation of degrees of kinship.

The right of the members of the class mentioned in subd. (e) likewise depends on specified statutory relationship, that of next of kin, but as among themselves the right of the next of kin to inherit is determined by a computation of degrees of kinship. But, whether the heir takes as a member of a class based on specified relationship or of the class composed of the next of kin, the right to inherit depends on "degree of relationship," and the cases recognize that according to the statutory plan of distribution the members of each class stand in different degrees of relationship to the decedent. In re Estate of Smith, 131 Cal. 433, 434, 63 P. 729, 82 A. S. R. 358.

The part introduced by the word "unless," providing for the descent of ancestral property to the blood kindred of the ancestor from whom the estate came to the intestate, modifies not all of § 8992-29 or the first part of § 8992-30, but only the second part thereof that kindred of the half blood shall inherit equally with those of the whole blood "in the same degree." Since the part relating to the descent of ancestral property is an exception to the one providing that half bloods shall inherit equally with whole bloods in the same degree, it can operate only within the scope of the latter part. An exception comprehends only subject matter from which the exception is made. Hence the exception applies only to kindred "in the same degree." It can have no application to different classes determined either by designation of relationship or degrees of kindred. The right of kindred of the blood of the ancestor from whom the estate came to the intestate to take to the exclusion of kindred of the intestate's but not of the ancestor's blood is limited to cases where all the claimants are in the same statutory class of heirs or kinship. Coleman v. Foster, 112 Ala. 506, 20 So. 509; In re Estate of Sayles, 215 Cal. 207, 8 P. (2d) 1009; In re Estate of Warnock, 36 Cal. App. (2d) 464, 97 P. (2d) 831; Pond v. Irwin, 113 Ind. 243, 15 N. E. 272; Lyon v. Crego, 187 Mich. 625, 154 N. W. 65; Rowley v. Stray, 32 Mich. 70; Estate of Kirkendall, 43 Wis. 167. In the case of In re Estate of

Smith, 131 Cal. 433, 434, 63 P. 729, 730, 82 A. S. R. 358, *supra,* the court said:

"The effect of the provision [so far as it pertains to the descent of ancestral property] is therefore simply to subdivide each of the classes as determined by degree of relationship into two classes, namely, those of the full and those of the half blood, and in each class to postpone the latter to the former."

Absent territorial or state legislation for such inheritance, whole blood never took to the exclusion of half blood kindred in the Northwest Territory, of which Minnesota was a part. See Anderson v. Bell, 140 Ind. 375, 39 N. E. 735, 29 L. R. A. 541; Rowley v. Stray, 32 Mich. 70, *supra.* The provision of the Ordinance of 1787 for the government of the Northwest Territory that "there shall in no case be a distinction between kindred of the whole and half blood * * * and this law relative to descents * * * shall remain in full force until altered by the legislature of the district" (published in R. S. 1851, p. 16) established a policy of equal right of inheritance by half and whole bloods subject to change by local statute. The territorial legislature of Michigan altered the rule with respect to ancestral property by adopting a statute similar to § 8992-30, Rowley v. Stray, 32 Mich. 70, *supra.* Mr. Justice Cooley adverted to the policy of equal inheritance by half and whole bloods established by the Ordinance of 1787 in Rowley v. Stray, 32 Mich. 70, 77, where he said:

"A discrimination against the half-blood is the exception, and is not to be extended by construction beyond the obvious intent. And nothing seems plainer to us than that under this statute, the half-blood are only excluded when there are others in the same statutory class who are to be preferred by reason of being of the blood of the ancestor from whom the estate came to the intestate."

Both Wisconsin and Minnesota in turn adopted similar statutes. Wisconsin St. 1941, § 237.03, and annotations, 1930; R. S. (Minn.) 1851, c. 50, § 4. We do not stop to inquire whether the Michigan and Wisconsin statutes were ever applicable in Minnesota Terri-

tory. See Organic Act of Minnesota, § 12; Organic Act of Wisconsin, § 12. In this connection it makes no difference whether the common law dates from the Revolution or the Ordinance of 1787, a question which we left open by our decisions in Congdon v. Congdon, 160 Minn. 343, 200 N. W. 76, and Dutcher v. Culver, 24 Minn. 584.

Furthermore, some courts hold that, unless a contrary meaning be expressed, the designation of brothers and sisters as in § 8992-29(4)(d) includes those of the half blood. Rowley v. Stray, 32 Mich. 70, *supra*.

In Boeing v. Owsley, 122 Minn. 190, 142 N. W. 129, we in effect adopted the construction of the statutes just indicated by holding that a husband's right as statutory heir under R. L. 1905, § 3648, now part of § 8992-29(2), to inherit ancestral property of his wife, was not affected by R. L. 1905, § 3652, the statutory predecessor of § 8992-30, citing Rowley v. Stray, 32 Mich. 70, *supra*.

We construe § 8992-30 as meaning that kindred of the half and whole blood shall have equal right to inherit, except in the single instance of ancestral property which the blood kindred of the ancestor from whom the inheritance came to the intestate are entitled to inherit to the exclusion of the intestate's kindred in the same degree not of the ancestor's blood; that while each statutory class mentioned in § 8992-29(4)(a-d), inclusive, is entitled to inherit in the order of enumeration regardless of their degree of kinship, each class is to be considered as a degree in determining whether kindred of the ancestor's blood and those of the intestate's but not of the ancestor's blood are "in the same degree" as that term is used in § 8992-30; and that kindred of the intestate's but not of the ancestor's blood are entitled to inherit to the exclusion of kindred of the ancestor's blood where the latter belong to a more remote class according to the statutory enumeration. Such a construction harmonizes with the manifest legislative intention to distribute an intestate's property to different classes of relations with preferred right to inherit in the order of their enumeration in the statute and to prefer the kindred of the ancestor's blood

over those of the intestate's but not of the ancestor's blood in the distribution of ancestral property only where all are in the same degree of relationship.

Where, as here, the kindred of the ancestor's blood are members of a more remote class than those of the intestate's but not of the ancestor's blood, they are not entitled to inherit, and the latter take to the exclusion of the former.

The authorities are far from being unanimous in support of the rule. Some of the contrary decisions are distinguishable; others are unsound. Among them are cases like Kelly's Heirs v. McGuire, 15 Ark. 555; Oliver v. Vance, 34 Ark. 564; Carter v. Carter, 129 Ark. 7, 195 S. W. 10; Stannard v. Case, 40 Ohio St. 211; In re Long's Estate, 180 Okl. 28, 67 P. (2d) 41, 110 A. L. R. 1002; and Lynch's Estate, 220 Pa. 14, 69 A. 290. The Arkansas cases are opposed in reason to the cases cited *supra* which support the construction of the statutes which we have adopted and have been either ignored, as in Rowley v. Stray, 32 Mich. 70, or expressly disapproved, as in In re Estate of Smith, 131 Cal. 433, 63 P. 729, 82 A. S. R. 358, *supra*. We think that they are not based on sound reason and should not be followed, especially in view of our long established rule dating back to the Ordinance of 1787 to treat half and whole bloods equally with respect to right of inheritance and that any discrimination must rest upon explicit provision of statute. Stannard v. Case, 40 Ohio St. 211, was decided under an entirely different type of statute, which postponed the right of the intestate's relatives to inherit to that of certain enumerated blood relatives of the ancestor. The Oklahoma court in the case of In re Long's Estate, 180 Okl. 28, 67 P. (2d) 41, 110 A. L. R. 1002, expressly indicated disapproval of the rule followed by us presumably in Boeing v. Owsley, 122 Minn. 190, 142 N. W. 129, *supra*. Its decisions, like those from Arkansas, are opposed to those which we deem to be better considered. In the case of Lynch's Estate, 220 Pa. 14, 19, 69 A. 290, 292, *supra*, the court said that the statute there controlling "prohibits any person from taking an estate 'who is not of the blood of the ancestors or other

relations from whom any real estate descended, or by whom it was given or devised to the intestate.' "

The decision of the district court was correct and should be affirmed.

Affirmed.