Fairchild, J.
 

 The only question raised by this appeal concerns the construction of sec. 237.03, Stats. That section reads as follows:
 

 “Degrees of kindred, how computed.
 
 The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree unless the inheritance come to the intestate by descent, devise or gift of some one of his ancestors; in which case all those who are not of the blood of such ancestors shall be excluded from such inheritance.”
 

 Appellants’ position is -that the heirs of the deceased half brother, Stephen Curtiss, are not entitled to share in the estate. The contention is that this section was meant to limit the rights of lineal descendants of the half blood to take only when of equal degree with the other lineal descendants. In other words, respondents not being on the same level as their ancestor would have been, appellants contend that they stand in the same position as collateral kindred who take in equal degree under sec. 237.01 (4), Stats. They argue that since the common-law distinction between the half blood and .the whole blood had already been abolished by the Northwest Ordinance when this section was adopted, it must be construed
 
 *322
 
 as limiting rather than enlarging the rights of inheritance of half bloods.
 

 The report of the committee on revision of .the statutes which was appointed at the time of Wisconsin’s entrance into the union in .1848 and which is responsible for the text of sec. 237.03, Stats., throws light on the intention and plan of the legislaturé in adopting that statute. The commission there reported that it had been deemed necessary by the legislature to correct the confused condition of the laws of Wisconsin in which “amendment has been added to amendment, and change has succeeded change, until our laws have become involved in obscurity and confusion.” Assembly Journal, 1849, p. 788. True, the plan of the commission was to do more than compile the then existing laws. It undertook a complete revision, deciding to “remodel the plan of our laws after the most recent and approved revisions in other states, arranging them systematically in appropriate parts, titles and chapters and sections and placing all that pertained to the same subject so far as possible together in one place.”
 

 A complete and unified plan was contemplated. The interpretation of sec. 237.03, Stats., asked by appellants, to treat it as an amendment to the Northwest Ordinance limiting the rights of half bloods is contrary to the plan and purpose of the law. As stated in the report referred to, page 790:
 

 “We have usually taken the laws now in force as our text and standard, embodying all their useful provision, together with such as could be found applicable in the laws of other states, adding such new matter as the constitution and our particular necessities seem to require, and which was necessary to give completeness to the work.”
 

 And the meaning of the statutes as a whole and their interpretation by the courts sustain the position of the trial court. The section abolishes all distinction between the rights as to inheritance of kindred of the half blood and kindred of the
 
 *323
 
 whole blood, except as applied to ancestral property. The rules of descent in respect to lineal and collateral descendants is set out in sec. 237.01, Stats. The purpose of sec. 237.03 was to clarify the rules to be followed in computing the degree of kinship and to continue the right of inheritance by kindred of the half blood. The exact words of the Northwest Ordinance defining such rights were not used but this does not mean •that we must give a strained interpretation to the section and find a limitation of power rather than a grant. That the purpose was to grant a right of inheritance was decided in
 
 Estate of Kirkendall,
 
 43 Wis. 167, 174, and except for the limitation relative to ancestral property, the statute abolished all distinction between kindred of the half blood and the whole blood. The method or rules of descent, therefore, must be found in sec. 237.01.
 

 Although this court has not been called upon to pass upon this particular question, we find no indication in any of the decisions cited by the appellants that the opinion ever prevailed that sec. 237.03, Stats., was to operate as a limitation of the rights of kindred of the half blood.
 

 The contention that the words “in the same degree” indicate an intention to deprive lineal descendants of a half brother from taking by representation is not warranted. Singling out one phrase as the significant one without giving the rest full consideration, results in overlooking the broad purpose of the section. It is much more likely that the words “in the same degree” were inserted to make impossible a misconstruction of the statute. And to make certain that under circumstances such as exist in this case,- half bloods are to take
 
 per stirpes.
 

 The Minnesota supreme court in construing its statute, sec. 8992-29 which is the same as sec. 237.0,3, Stats., said in
 
 McConnall v.
 
 Drawz, 212 Minn. 283, 288, 3 N. W. (2d) 419:
 

 
 *324
 
 “Section 8992 — 30 is not to be construed as changing the order of distribution to designated classes of relatives enumerated in section 8992-29. The plan of distribution provided for in the last-mentioned section is explicit and hence must be regarded as a fixed quantity in the process of construction. In that view, the rule of section 8992-30, that degrees of kindred shall be computed according to the rules of the civil law, applies only where there is occasion to compute degrees of kindred. . . . The provision that kindred of the half blood shall inherit equally with those of the whole blood in the same degree should be construed as meaning that there shall be no discrimination as between half and whole bloods in any case, except that involving the descent of ancestral property.”
 

 It is our opinion that that is a proper construction of our statute. The court cannot see any reason for adopting a strained construction of the statute in order to find a limitation of a right where there is every indication that the purpose of the statute is to grant a right to kindred of the half blood.
 

 By the Court.
 
 — Judgment affirmed.