*In re* COUGHLIN'S ESTATE.

BLESSED *v.* HUNTOON.

DESCENT AND DISTRIBUTION—RELATIVES OF THE HALF BLOOD.
>  Children of deceased half brother and sisters share by right of representation with deceased's sister of the whole blood in the distribution of the estate of an intestate decedent which did not come to the intestate by an ancestor not of the same blood as the relatives of the half blood (CL 1948, §§ 702.80, 702.84).

Appeal from Wayne; Spier (James E.), J., presiding. Submitted January 7, 1953. (Docket No. 36, Calendar No. 45,672.) Decided April 13, 1953.

In the matter of the estate of Olive E. Coughlin, deceased. Jessie R. Blessed, sister of deceased, petitioned for determination of heirs. On appeal the circuit court determined that petitioner and nephews and nieces of half blood inherited. Plaintiff appeals. Affirmed.

*Francis B. Crowley,* for plaintiff.

*Butzel, Eaman, Long, Gust & Kennedy (Thomas G. Long,* of counsel), for defendants.

SHARPE, J. This is an action to determine the heirs of Olive E. Coughlin as well as who shall participate in her estate. The facts are not in dispute and are as follows:

REFERENCES FOR POINTS IN HEADNOTES
16 Am Jur, Descent and Distribution § 62 *et seq.*
Rights of inheritance in ancestral property as between kindred of whole and half blood. 141 ALR 976.

"The deceased, Olive E. Coughlin, died October 6, 1950, while a resident of Wayne county and over 21 years of age. Her estate includes real and personal property located in the State of Michigan. She died intestate leaving no issue and no husband, father or mother.

"She was survived by:

"(a) Jessie R. Blessed, a full sister.

"(b) The children of a half sister, Isabella Robinson Huntoon, to-wit: Harry Huntoon and John Huntoon.

"(c) The children of a half sister, Nellie V. Robinson Germain, to-wit: Etta M. Germain Prentis, Harry W. Germain, Georgina Germain and Clara I. Germain.

"(d) The child of a half brother, Albert H. Robinson, to-wit: Stella Kraft."

The sole surviving sister, Jessie R. Blessed, filed the petition for determination of heirs in which she claims that she alone is entitled to inherit, while the nephews and nieces claim they are entitled to inherit by right of representation the same as of the whole blood. It is conceded that the inheritance did not come to the deceased through any of her ancestors within the exception of CL 1948, § 702.84 (Stat Ann § 27.3178 [154]):

"The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance come to the intestate by descent, devise, or gift of some one of his ancestors, in which case, all those who are not of the blood of such ancestor shall be excluded from such inheritance."

And that decedent's estate consists of real and personal property.

The present Michigan statutes, CL 1948, § 702.80 (Stat Ann § 27.3178 [150]), read, so far as pertinent to this issue, as follows:

"When any person shall die seized of any lands, * * * not having lawfully devised the same, they shall descend, subject to the payment of all prior charges * * * in the following manner: * * *

"Second, * * * and if the intestate shall leave no issue, father or mother, his or her estate shall descend * * * to his or her brothers and sisters and the children of deceased brothers and sisters, and if such persons are in the same degree of kindred to the intestate, they shall take equally, otherwise they shall take by right of representation. * * *

"Third, if the intestate shall leave no issue, husband, widow, father, mother, brother, sister, nor child of brother or sister, his estate shall descend to his next of kin in equal degree."

The early history of the act in question dates back to the ordinance of 1787, for the government of the Northwest Territory. It is there provided that:

"And there shall in no case be a distinction between kindred of the whole and half blood; * * * and this law relative to descendants * * * shall remain in full force until altered by the legislature of the district." CL 1948, p 52, § 2.

The act of Congress of 1805, CL 1948, p 58, § 2, provides in relation to the ordinance of 1787:

"And the inhabitants thereof shall be entitled to, and enjoy all and singular the rights, privileges, and advantages granted and secured to the people of the territory of the United States, northwest of the river Ohio, by the said ordinance."

The language of CL 1948, § 702.84 (Stat Ann § 27.3178 [154]), has existed since the adoption of

the Revised Statutes of 1837 and 1838, except that the following was adopted in 1846:

"Unless the inheritance come to the intestate by descent, devise or gift of some one of his ancestors, in which case, all those who are not of the blood of such ancestor shall be excluded from such inheritance."

It is the claim of appellant that if it were not for the provisions of CL 1948, § 702.84, half bloods would not inherit, and by the terms of such section, their right of inheritance is limited to the instances where they are in the same degree as those of the whole blood.

In *Ryan* v. *Andrews*, 21 Mich 229, the contest was between the paternal uncles and aunts on one side and the maternal grandmother on the other side. The uncles and aunts were of the half blood. It was there held that the maternal grandmother was entitled to the estate. We there said (p 235):

"We think, therefore, that under the statute the estate can under this section never go to any one else but the nearest of kin, according to the degrees of the civil law. If there is but a single next relative, he or she will take the whole estate without reference to whether the kindred is on the side of the one parent or the other. If there are several next of kin, and they are not all related on the same side, then only such of them will take as are of the blood of the ancestor from whom the estate was derived. In the present case, as there is no one else of the same degree of kindred with the maternal grandmother, and she is nearest of kin, the estate devolved solely upon her, and the remoter kindred are excluded."

In *Rowley* v. *Stray*, 32 Mich 70, the paternal grandmother of the intestate was contesting with the half brothers and sisters of the intestate. It was there

held that the half brothers and sisters should succeed to the estate.  We there said (p 77):

"A discrimination against the half-blood is the exception, and is not to be extended by construction beyond the obvious intent.  And nothing seems plainer to us than that under this statute, the half-blood are only excluded when there are others in the same statutory class who are to be preferred by reason of being of the blood of the ancestor from whom the estate came to the intestate."

See, also, *Lyon* v. *Crego*, 187 Mich 625.

In *Estate of Curtiss*, 245 Wis 311 (13 NW2d 917), under a statute identical with the Michigan statute, the court said:

"Except for the limitation relative to ancestral property, the statute abolished all distinction between kindred of the half blood and the whole blood."

See, also, *McDonnall* v. *Drawz*, 212 Minn 283 (3 NW2d 419, 141 ALR 970).

In view of the well-established rule in Michigan, it is our opinion that the children of the deceased brother and sisters of the half blood take both real and personal property by right of representation with the sister of the whole blood.

The judgment is affirmed, with costs to defendants.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.